## WILLIAM J. MAHARRY AND TEAGUE RAY, v. MARY S. MAHARRY.

1. CHANGE OF VENUE—*When May Be Had.* A party who is entitled to a change of venue may present his application at any time before the trial, and the fact that he may have failed to comply with an order of the court to pay alimony pending the suit is not sufficient ground upon which to refuse his application; but an improper refusal of an insufficient application for a change of venue is not reversible error; and where it would not have been reversible error for the court to have refused the applicant's application for a change of venue, the cause will not be reversed because the court improperly refused to consider the application because the defendant applying for the change had failed to comply with an order of the court requiring the payment of temporary alimony.

2. SAME—*Application for.* An application for a change of venue must state the facts on which it is based, and not conclusions or the mere belief of the party.

3. DIVORCE—*Temporary Alimony—Pleadings.* The answer of the defendant may be stricken from the files, and he be held in default, where it is shown that the defendant had ample means to comply with an order for the payment of temprary alimony and refused to pay it.

4. SAME—*Parties Joined as Defendant.* A party who is alleged by the plaintiff to have entered into a conspiracy to cheat and defraud plaintiff out of the collection of any judgment for alimony which she may obtain in the case and who has, in pursuance thereof, received or purchased valuable property from the husband, the defendant in the divorce suit, may be joined as defendant, and judgment entered against him to pay, out of the moneys due the principal defendant, on such transfer of property, the plaintiff's judgment for alimony.

*Error from the District Court of Logan County.*

Action by Mary S. Maharry against William ·J. Maharry for divorce and alimony, in which Teague Ray was subsequently joined as the fraudulent trans- feree of the property of the defendant. Affirmed.

*Saunderson & Thomas, Teague Ray* and *J. W. Scot- horn,* for plaintiff in error.

No brief for defendant in error.

The opinion of the court was delivered by

BIERER, J.: At the time the plaintiff commenced her action for divorce and alimony against the defendant, William J. Maharry, she procured a restraining order enjoining the defendant from the disposition of his prop- erty; and also an order for $50 attorneys fees, and for suit money in the sum of $50, and for $20 a month for her support. The order for temporary alimony was sub- sequently modified, so as to require the payment of $25 attorneys fees, and $25 alimony pending the litigation.

The defendant presented a motion to dissolve the re- straining order, and also to set aside the order for temporary alimony. At the time this motion was pre- sented he made an application for change of venue on account of the bias and prejudice of the judge. The defendant, without complying with the order for the payment of temporary alimony, excepting the payment of $25 attorneys fees, filed his answer and cross-petition, which the plantiff moved to have stricken from the files for the reason that the defendant had failed to comply with the order for temporary alimony. On the presentation of this motion the defendant, Maharry, asked the court to pass upon his motion for change of venue, which the court refused to consider until after the defendant should

have complied with the order of the court by paying into court the plaintiff's suit money. This action of the court is assigned as error.

We think this conclusion of the court was erroneous. The statute gives a party the right to a change of venue in all cases when it shall be made to appear that the judge of the court is interested or has been of counsel in the case, "or is otherwise disqualified to sit," and we have held that the words "otherwise disqualified to sit," mean that the party is entitled to a change of venue when the judge is biased or prejudiced against him. (*In re. Brown*, 2 Okla. 590).

Our statute imposes upon a party no conditions whatever as to his right to ask for a change of venue. He may do it at any time up to the time of the trial, whether the issues are made up or not. He has a right to demand a change of venue for the purpose of making up the issues, in order that a trial may be had. (*Sumner County v. Wellington Tp.*, [Kansas], 17 Pac. Rep. 787).

The fact that the party may have been in contempt of court could not deprive him of the right to a change of venue, if his showing entitled him to it. The fact of his contempt, if it existed as a fact, would have to be made to appear to the court by some proper proceeding, and he would have as much right to a change of trial judge upon the determination of this question as upon any other question in the case. Whether he was in contempt of court or not might, and usually would, depend upon the facts of the case as they existed. His being in contempt of court for failure to pay alimony in a divorce suit would depend upon his ability to pay, his means of procuring the money wherewith to comply with the order of the court, and this issue of fact he would have a right

to have determined by an impartial judge. So, too, likewise when the charge of contempt was before the court on the application to strike his pleading from the files because of his failure to comply with the order of the court, he would have a right on that hearing to have the issue determined by a court presided over by the same impartial and unprejudiced judge. So we would hold that the conclusion of the court in refusing to consider the defendant's application for a change of venue was erroneous. We do not hold, however, in this case, that the error was reversible, for we do not consider that the application for change of venue was such as entitled the plaintiff to the relief asked for. The only affidavit made in support thereof was the following:

"Territory of Oklahoma, ⎱ ss:
    Logan County,       ⎰

"William J. Maharry, being duly sworn according to law, says: That he has reason to believe and does believe that he cannot have a fair and impartial trial before Frank Dale, judge of the district court of Logan county, Oklahoma Territory, and therefore asks that a change be granted to some other judge, for the purpose of trying all questions that may arise in said cause, and for the purposes of trying the motion to dissolve the injunction and set aside the order already made in said cause.

"Affiant says that he had a personal altercation difficulty with said judge, and that on account of said difficulty he believes that said judge has an unkindly feeling toward him, and that by reason thereof is prejudiced against him, and that said prejudice would affect the judgment of said court, and by reason thereof he cannot have a fair and impartial trial.

(Signed)        WILLIAM J. MAHARRY.

"Sworn to before the undersigned, this 3d day of July, 1894:

(Signed)    L. J. PITTS, Dep. Clerk."

This affidavit contained no statement of facts which made it "appear to the court that a fair and impartial trial cannot be had," and this situation must, under the statute, exist before the supreme court can say that the district court committed reversible error by its failure to sustain the application. The alleged bias and prejudice of the trial judge, as will be seen by the affidavit, is shown only by the belief of the applicant, which may have existed in this case much more in desire than from any fact stated. The only fact stated is that the applicant " had a personal altercation difficulty with said judge." What was the altercation? What was the difficulty? What did it amount to? And what evidence had the judge exhibited as to whether or not this slight or trivial, serious or otherwise, difficulty, had biased or prejudiced the judge against the defendant? There is nothing whatever appearing in the affidavit from which a conclusion can be reached that the judge was in fact biased or prejudiced against the applicant. And if the bias or prejudice did not exist then it did not appear to the court that the judge was disqualified to try the case. In *De-Walt v. Hartzell*, [Colorado,] 4 Pac. Rep. 1201, it is said of an application for a change of venue:

"We think the petition fails to set forth facts sufficiently, either in respect to the alleged prejudice of the judge or of the inhabitants of the county, to warrant us in interfering with the ruling of the court, under the discretion vested therein by the statute touching applications of this character. Beyond the bare allegation of prejudice, sufficient facts should be set out by the petitioner from which the court may be able to judge of the probable truth or falsity of the averments; otherwise a change of the place of trial, with its involved expense and delay, might go as a matter of course, upon the mere petition therefor, supported by an indefinite affidavit, as in this case."

In the state of Kansas, from whence we received our code, of which the provisions allowing changes of venue is a part, it has been held, as in the state of Colorado from the decision of the supreme court of which state we have just quoted, that the trial court is vested with a discretion in granting changes of venue in civil cases. ( *Waterson v. Kirkwood,* 17 Kan. 9).

It does not, therefore, appear that the defendant has been in any way prejudiced by the refusal of the court to pass upon his application, for had he passed upon it, under the law, it would not have been his duty to sustain this application, and it therefore makes no difference whether the reason for failure to pass upon the application was good or not.

Plaintiff in error Maharry contends that the court erred in sustaining the motion of the plaintiff to strike his answer and cross-petition from the files. The contention is that the record shows an absolute inability to comply with the order to pay alimony; and cases are cited by the plaintiff in error to support his claim that it is erroneous to strike a party's pleadings from the files where his failure to pay alimony has resulted from inability and poverty. On the consideration of this motion the court heard evidence, consisting of the testimony of Teague Ray, attorney for the defendant. In this testimony Ray swore that subsequent to the bringing of the action he had paid the defendant $250 in money, and had delivered to him notes to the amount of $2,000. This furnished the defendant ample means with which to comply with the order of the court. The testimony of the defendant's own attorney also showed that he had absconded, left the territory and the jurisdiction of the court, and was, when last heard from, in another state

evading any further proceeding that the plaintiff might take to enforce the order of the court excepting the remedy proposed. The plaintiff had, under such circumstances, the right to have the defendant's answer and cross-petition stricken out. (Bishop on Marriage, Divorce and Separation, vol. 2, § 1095; *Walker v. Walker*, 82 N. Y. 260.)

It is also contended that Teague Ray was improperly joined in this action with the defendant. The original petition alleged that the defendant, William J. Maharry, was the owner of a quarter section of land, describing it, in Logan county, of the value of $7,000. And there appears in the record two amended petitions, the first being by-reference made a part of the second, in which it is alleged that subsequent to the commencement of the action the defendant, Maharry, and his attorney, Teague Ray, entered into a conspiracy to cheat and defraud the plaintiff out of the alimony which she might recover in the action, and that, in pursuance of such purpose, the defendant, Maharry, had relinquished the title to the tract of land, which was then in the government, and permitted Ray to make a filing thereon. That the defendant, Ray, promised to pay the defendant, Maharry, for this land, at some future time, a large sum of money, to-wit, the sum of $2,500. There were other allegations in these pleadings not material to state here. Such allegations made it proper to join Ray as a defendant. (*Damon v. Damon*, 28 Wis. 510; *Busenbark v. Busenbark*, 33 Kan. 572; *Gardenhire v. Gardenhire*, 2 Okla. 484.)

We think the amended petitions, considerer together, as was asked by the plaintiff and as was evidently done in the trial of the case, fully state a cause of action

against Ray, and that the judgment rendered against him was within the prayer of the plaintiff. This disposes of all the questions in the brief of plaintiffs in error, excepting the contention that the court has had no jurisdiction to issue the restraining order against Maharry's disposings of the tract of land on which he and his wife had lived and had improvements, and were in possession under the homestead law. The deceased mother of the defendant, Maharry, had made entry thereon. We do not consider that a determination of this question one way or the other would in any way affect this case, and therefore decline to pass upon it. Long prior to the determination of the case Maharry had disposed of the land, and had received therefor money and notes from Ray, and the court adjudged that Ray should pay into the court, for the satisfaction of the plaintiff's judgment, $1,000 of the money which was due Maharry from the sale of this land. It makes no difference in the determination of this case whether the court had jurisdiction to enjoin the disposal of this land or not. It certainly had jurisdiction to render a judgment for alimony against Maharry, and it certainly had jurisdiction to require a person who was within the jurisdiction of the court, and who was made a party to the case, and who had received property of any kind or character from Maharry, to defeat the payment of this alimony, as was alleged by the plaintiff, and who was then largely indebted to his co-defendant, against whom judgment for alimony was rendered, to pay of the amount owing to Maharry the amount of the judgment for alimony against him.

The judgment of the court below is affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.