HARRY S. GUNDRY v. ALICE GUNDRY.

(Filed February 18, 1902.)

1. **ALIMONY PENDENTE LITE DEFINED.** Alimony *pendente lite* means not only a reasonable allowance for the support and maintenance of the wife during the pendency of the action, but it also includes court costs, reasonable attorney's fees, and necessary expenses to enable her to prepare and conduct her case in an efficient manner.

2. **SAME—Application for—Notice.** And the court or judge thereof in vacation is authorized to make a reasonable allowance for such alimony *pendente lite* upon application of the plaintiff, after the petition has been filed in an action for divorce, or for alimony alone, and without notice of such application to the defendant, and the failure to give such notice is not a deprivation of property without due process of law.

(Syllabus by the court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*Blake, Blake & Beeks,* and *M. D. Libby,* for plaintiff in error.

*J. I. Phelps, A. M. Baldwin* and *G. S. Pearl,* for defendant in error.

Opinion of the court by'

HAINER, J. : This is an appeal from the district court of Canadian county from an order allowing the defendant in error temporary alimony for her support and maintenance, attorney's fee for the preparation of trial, and for court costs. The material averments in plaintiff's petition are: That she was married to the defendant in Cleveland, Ohio, on the —— day of June, 1898, and that they lived together as husband and wife until about five weeks prior to the bringing of this action; that the plaintiff and defendant are residents of Canadian county, Oklahoma; that plaintiff has always conducted herself as a faithful wife; that defendant on the 26th day of February, 1901, without just cause or provocation, wilfully, wantonly and grossly neglected and abandoned her, and that defendant has been guilty of extreme cruelty towards her; that at the time defendant deserted her in Ohio she was then in delicate health and quick with child by the defendant, Harry Gundry, and that the plaintiff on account of her delicate condition is unable to provide and maintain herself and is living on the charity of friends on account of the cruel and inhuman acts of the defendant; that the defendant about six months ago came from his home in Ohio to El Reno for the purpose of establishing himself in business; that after his arrival in El Reno he commenced without the knowledge connivance, or consent of plaintiff, to keep company with various and divers single women, representing to them that he was a single man, and that he took them to dances, theaters and parties—all to the humiliation of this plaintiff; that defendant

is the owner of a large stock of dry goods and millinery in El Reno; that the firm name of said business is Harry S. Gundry and Company; that said Harry S. Gundry is the same person, defendant herein; that said stock of goods is of the value of $4,000, etc. Wherefore plaintiff prays the court that she be granted a sufficient sum per month to maintain herself during the pendency of this action, that she be allowed a reasonable sum for the preparation of her case and the taking of depositions, that the defendant be required to deposit with the clerk of this court the sum of $15 as court costs, that she be allowed a reasonable attorney's fee, and that upon final hearing she may be allowed such sum for her maintenance as the court may deem just and proper; and she asks that the court grant a restraining order, restraining the defendant from disposing of the said stock of goods, or any of his property, during the pendency of this action, etc.

This petition was duly verified by the plaintiff, and filed on March 26, 1901. On the same day summons was duly issued and served on the defendant. On April 3, 1901, and before answer was filed, the court then being in regular session, the plaintiff having presented her petition in support of the prayer therein for an order for temporary alimony, the following order was made by the court:

"And the court, after examining the petition, finds that the plaintiff has no means with which to support herself, pay her court costs, or solicitor's fee, and that she is entitled to the relief asked.

"It is therefore ordered, adjudged and decreed by the court that the said defendant, Harry S. Gundry, pay to E. M. Hegler, clerk of the district court in and for said county and territory, for the use and benefit of the plaintiff herein the sum of $15 for the clerk of said court, the sum of $15 for the use and benefit of her attorneys, and the sum of $15 per

month for the support of plaintiff, all of said sums to be paid in to the clerk of said court on or before the 10th day of April, 1901; and it is further ordered, adjudged and decreed by the court that the said defendant, Harry S. Gundry, pay to the clerk of the district court in and for said county and territory, the further sum of $15 per month, commencing on the 1st day of May, 1901, and a like amount on the first day of each month thereafter, until the further order of the court, for the use of the plaintiff."

On the same day the defendant moved to set aside said order, for the reason that no notice of the application for said order was served on the defendant prior to the making of the same, and that the defendant did not in any manner waive said notice. The contention of counsel for plaintiff in error is that the court had no power to make an order for alimony *pendente lite* upon the filing of the petition for divorce, until notice of such application is given to the defendant; and to make such order without notice to the defendant is the taking of defendant's property without due process of law.

We think neither of these propositions are sound or tenable. Alimony *pendente lite* in a strict sense is an allowance which the husband may be compelled to pay his wife to enable her to prosecute a suit for divorce, or to defend an action where the proceedings are instituted by him. Thus it was the universal practice of the ecclesiastical courts in England, and is now generally the practice in the United States, upon an application by the wife to the court, in a divorce suit, to make an allowance for her support during the pendency of the suit, and for costs and expenses to enable her to properly carry it on, if she is without separate means, and the husband is able to support her, whether she be plaintiff or defendant, without a consideration of the merits of the case. (Vol. 2, American & English Ency. of Law [2nd. ed.] p. 100.)

In *Wilson v. Wilson,* 2 Hagg. Con. 204, Gaslor, J. said:

"It is the established law of the ecclesiastical courts in all suits for divorce or suits for the restitution of conjugal rights, that as soon as the court is judicially informed of the fact that the marriage has taken place, it is competent for the wife to apply for alimony pending in a suit.  So generally has been the practice to allow alimony *pendente lite,* that it is now looked upon as an absolute right, and in the early cases it was so held to be."

By section 669 of our Civil Code it is provided that:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or a judge thereof in vacation, may make and enforce by attachment such order to restrain the disposition of the property of the parties or either of them, and for the use, management and control thereof, or for the control of the children and support of the wife during the pendency of the action, as may be right and proper; and may also make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case."

This provision of our code clearly authorizes the court, or judge thereof in vacation, to make an allowance for alimony *pendente lite* after a petition has been filed in an action for divorce or for alimony alone, and without notice to the defendant.  Under the provisions of our statute the defendant is not entitled to notice as a matter of right before the order for temporary alimony is made, and the failure to give such notice is not a deprivation of property without due process of law.  It is true that as a rule it is the better practice to require the plaintiff to give notice to the defendant of the time and place of the application for allowance for alimony *pendente lite,* but whether such notice should be given is a

matter that rests entirely in the sound discretion of the court or judge. The order of the court provided that the allowance should be paid on or before the 10th day of April, 1901. This gave the defendant ample opportunity to resist the order if he deemed it unjust, or unreasonable, of if he was unable to comply therewith. No motion was made to set aside and vacate the order because it was unreasonable or unjust, or because the defendant was unable to comply therewith, and the only objection made was that he was not present, and had no notice of the time the order was made. We think that in view of the allegations in the petition and the apparent financial ability of the defendant it was a reasonable order. (*McKennon v. McKennon*, 10 Okla. 400; 63 Pac. 704.)

The order of the district court is therefore affirmed, at the costs of the appellant.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.