## UNION STATE BANK v. WOODSIDE.

No. 9077—Opinion Filed Dec. 31, 1918.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 109.)

**1. Pleading—Demurrer—Waiver of Defects.**

A demurrer to a pleading is a waiver of all defects that should properly be raised by motion.

**2. Pleading — Motion for Judgment — Effect of General Denial.**

In a replevin action a motion for a judgment on the pleadings was properly overruled, where the answer contained a general denial, and in such action, even though the special defense set up in the answer should fail, yet the defendant, under the plea of a general denial, has a right to defeat plaintiff's claim by showing right of possession in another.

**3. Chattel Mortgages—Sufficiency of Evidence.**

The evidence here reasonably supports the judgment of the lower court, and the same will not be disturbed upon appeal.

(Syllabus by Hooker, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Suit by the Union State Bank against J. C. Woodside. Judgment for defendant, and plaintiff brings error. Affirmed.

Baldwin & Carlton and W. L. Chapman, for plaintiff in error.

Erwin & Erwin, for defendant in error.

Opinion by HOOKER, C. The bank instituted a suit in the lower court in May, 1915, claiming in its petition to be the owner and holder of a certain promissory note for $653, which was secured by a chattel mortgage on

certain personal property described in the petition, and attached to the petition was a copy of the note and chattel mortgage, both of which were alleged to have been executed and delivered by the defendant, J. C. Woodside, to the bank.

And it is further asserted that by virtue of said note and chattel mortgage it was entitled to the possession of the property described therein, and asked that a writ of replevin issue, and that said property be taken thereunder and delivered to it.

The defendant below filed an answer which consisted: First, of a general denial; and for a further defense, counterclaim, and set-off, the said defendant alleged that he had made various payments on said note, and that the bank previously thereto, from the time that this debt was first created up to the filing of this action, charged a greater rate of interest for the use of said money than that allowed by law, and a plea of usury was entered in this transaction; and it is alleged that, by virtue of the payments that had been made upon the principal of said note and the penalty that accrued to the defendant by virtue of the usury charged, there was nothing due upon said note.

This answer was filed on the 18th day of June, 1915. Thereafter, on the 25th day of June, 1915, the plaintiff filed a motion to strike certain paragraphs of said answer, and on the same day, to wit. June 25, 1915, the plaintiff filed a demurrer to all of the paragraphs of said answer save and except the first, which consisted of a general denial.

This court in the case of First National Bank v. Ingle, 37 Okla. 276, 132 Pac. 895, has said:

"The right to file a motion to have the different causes of action separately stated and numbered is waived by demurring, either to the petition as a whole, or to the separate causes of action thus defectively stated."

And this rule is well established in this jurisdiction, and it seems to be the general rule that a demurrer is a waiver of defects that should properly be raised by motion.

Thereafter, on the 6th day of July, the court acted upon said motion to strike said demurrer, and on the 12th day of July, 1915, the defendant below filed an amended answer which consisted of a general denial, plea of payments, and usury charged.

On the 17th day of July, a demurrer was filed to the third cause of action set forth in said amended answer which demurrer was on the 7th day of September overruled. Thereafter, on September 8, 1915, a reply

was filed to said amended answer, and on December 9, 1915, the plaintiff filed in said action a motion for judgment on the pleadings, which was on the 16th day of September, overruled. Said cause was tried and a judgment rendered in favor of the defendant below for the possession of the property in controversy, or, if a return could not be had, its value in the sum of $210, together with the usable value thereof, which was fixed by the jury at $150.

The bank urged here that the lower court committed an error in overruling its motion to strike certain paragraphs of defendant's answer from the files, and likewise committed an error in overruling the demurrer to certain paragraphs of defendant's answer and amended answer, and it is also claimed that the court committed an error in overruling the plaintiff's motion for judgment on the pleadings, and in support thereof it is asserted that the answer of the defendant admits that at the time of the institution of this suit there was the sum of $96.50 due by the defendant to the plaintiff, and. if that be true, that the plaintiff had a lien upon all the property described in the mortgage to secure the payment of said $96.50, and was therefore entitled to the possession of said property. If that be true, the contention of the bank would be correct, for the rule is well established in this jurisdiction that if anything was due on the note secured by a chattel mortgage, and that the terms of the mortgage had been broken, the mortgagee would be entitled to the possession of the mortgaged property.

An examination of the answer is a sufficient refutation of this contention, and the pleading filed, as a whole, does not admit any indebtedness, but specifically denies that at the time of the institution of this suit that there was any sum whatever due upon said mortgage to the plaintiff bank.

Under the evidence here, the jury found that there was nothing due the bank at the time of the institution of this suit, and that all of said indebtedness had been fully paid and discharged, before its institution. and the evidence here introduced reasonably supports the verdict of the jury. and we cannot disturb the same.

The contention of the plaintiff in error that the trial court erred in not rendering judgment upon the pleadings cannot be sustained, for the action was one of replevin, and the answer contained not only a general denial. but the specific allegations of other defenses which, if true, clearly established

that the full amount of said note had been paid.

This court in the case of First State Bank v. Howell, 41 Okla. 216, 137 Pac. 657, has said:

"A motion for judgment on the pleadings was properly overruled, in an action in replevin where the answer contained several defenses in addition to a general denial. The general denial raised an issue of fact, and did not render the pleading inconsistent, no matter what the other defenses may have been."

And in the body of the opinion it is said:

"Even though the special defenses set up in the answer should fail, yet the defendants, under the general denial, had a right to defeat plaintiff's claim by showing right of possession in some third party. Hence such an answer, containing different defenses, is not an inconsistent pleading in replevin, and, where an issue of fact is raised, as it was in this case, by the general denial, it is not error for the trial court to overrule a motion for judgment on the pleadings."

The rule announced in the above case seems to be supported by Cobb v. Kenefick Co., 23 Okla. 440, 100 Pac., 545; St. L. & S. F. R. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169; White v. Hocker, 58 Okla. 38, 158 Pac. 440; Williams v. Gibson, 60 Okla. 147, 159 Pac. 649; 23 Cyc. 769; Francis v. Bank, 44 Okla. 446, 145 Pac. 324; De Hart Oil Co. v. Smith, 42 Okla. 201, 140 Pac. 1154; Payne v. McCormick, 11 Okla. 318, 66 Pac. 287.

We have carefully read this record, and we can see no merit in this appeal.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.