ANNA M. MATTHEWS, Respondent, *v.* WILLIAM THORNE MATTHEWS, Appellant.

First Department, November 14, 1924.

**Husband and wife — separation — constitutional law — due process of law — sequestration of defendant's property — Civil Practice Act, § 1171-a, authorizing sequestration of defendant's property without notice where defendant cannot be personally served violates Federal Constitution, 14th Amdt. § 1, and State Constitution, art. 1, § 6 — order sequestering defendant's property, appointing receiver and restraining sale thereof reversed — papers on which ex parte order was granted are insufficient.**

Section 1171-a of the Civil Practice Act authorizing the sequestration of the defendant's property in an action for divorce or separation, without notice, where the defendant cannot be personally served and there is property within the State, violates section 1 of the Fourteenth Amendment of the Federal Constitution and section 6 of article 1 of the State Constitution in that it deprives the defendant of his property without due process of law by sequestering his property, real and personal, and directing the payment therefrom of alimony and counsel fees to the plaintiff without any notice to the defendant by the service of notice or process, either actual or constructive, and in advance

of a judgment rendered in plaintiff's favor after such service of process either personal or by publication upon the defendant.

Accordingly, the order granted in this action sequestering the defendant's property, appointing a receiver, and restraining a sale should be vacated, since it appears that it was made before the summons had been served on the defendant and without any notice to him, and for the further reason that the papers on which the order was made failed to show that the defendant's place of residence was in the State of New York, or that any efforts were made to serve the summons on him at any place of residence in this State, or that he was evading service, except for an alleged admission to that effect made by his then attorney, while on the motion to vacate the order it was conclusively established that the defendant was a resident of the State of New Jersey before this action was commenced and has continued to reside there.

APPEAL by the defendant, William Thorne Matthews, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, denying his motion to vacate an order entered in said clerk's office on the 2d day of May, 1924, (1) awarding plaintiff alimony and counsel fee; (2) appointing receiver of defendant's property and sequestering the same; (3) enjoining defendant from disposing of such property; (4) giving plaintiff the right to apply to the court to mortgage or sell defendant's property, sufficient to pay the alimony awarded her; and (5) directing the Ætna Life Insurance Company and the American Trust Company to turn over to the receiver all moneys or other property in their possession, due or to become due to defendant.

*Richard M. Page* [*William H. Page* with him on the brief], for the appellant, appearing specially.

*Barnett E. Kopelman,* for the respondent.

DOWLING, J.:

This is an action brought to obtain a judgment of separation on the ground of the cruel and inhuman treatment of the plaintiff wife by defendant, her husband, and his failure to support her.

The summons bears date March 8, 1924, and the complaint is verified on the same date.

Upon the ground that defendant could not be found and was concealing himself so that process could not be personally served upon him, based on affidavits of the managing clerk of plaintiff's attorney and of a process server, an *ex parte* order was made, under the authority of section 1171-a of the Civil Practice Act.

The sweeping character of this order appears from its terms, which are here set forth in full as they are germane to the question of the constitutionality of the above section hereinafter discussed. the order dated May 1, 1924, provides:

" Ordered that the plaintiff be and she hereby is awarded the

sum of Twenty-five Dollars ($25.00) per week, as and for her support and maintenance, during the pendency of this action, the same to be paid to the plaintiff on Monday of each and every week, at the office of her attorney, Mr. Barnett E. Kopelman, #280 Broadway, Borough of Manhattan, City of New York; and it is further

" Ordered that the plaintiff be and she hereby is awarded a counsel fee in the sum of Two hundred and Fifty Dollars ($250.00), so that her rights and interests in this action may be properly protected, the said counsel fee to be paid at the office of the said Mr. Barnett E. Kopelman, attorney for the plaintiff in this action; and it is further

" Ordered that Thomas F. Garrity, Esq., be and he hereby is appointed Receiver of the personal property of the defendant William Thorne Matthews, and of the rents and profits of the real property of said defendant William Thorne Matthews, upon executing and filing with the Clerk of this Court, a bond in the penal sum of Ten Thousand Dollars ($10,000), with sufficient sureties, conditioned for the faithful discharge of his duties as Receiver, and said Receiver is hereby directed to take possession of said property, real and personal, and hold the same until the further order of this Court, and to apply the said personal property, and the rents and profits of the real property of the defendant, to the payment of the sums so awarded to the plaintiff, as aforementioned; and it is further

" Ordered that the defendant, his attorneys, agents and servants, be and they hereby are enjoined and restrained from in any way, shape or manner disposing of said real and personal property of the defendant; and it is further

" Ordered that if the income of the defendant be insufficient for the purpose, that the plaintiff may apply to this Court for the right to mortgage or sell the same, sufficient to pay such sum or sums so awarded to the plaintiff; and it is further

" Ordered that the Ætna Life Insurance Company, and the American Trust Company be and they hereby are directed, until the further order of this Court, to deliver and turn over to said Receiver, all moneys or other property in their possession or control, due or to become due to the defendant in this action, and they are hereby enjoined and restrained from in any way, shape or manner, disposing of the same other than to turn the same over to said receiver."

The section of the Civil Practice Act under which the order was granted is 1171-a, added by chapter 51 of the Laws of 1923. It reads as follows:

" § 1171-a. Sequestration of defendant's property in action for divorce or separation where defendant cannot be personally served and there is property within the State. Where in an action for divorce or separation it appears to the court that the defendant is not within the State, or cannot be found therein, or is concealing himself therein, so that process cannot be personally served upon him, the court may at any time and from time to time make any order or orders without notice directing the sequestration of his property, both real and personal and whether tangible or intangible, within the State, and may appoint a receiver thereof, or by injunction or otherwise take the same into its possession and control. The property thus sequestrated and the income therefrom may be applied in whole or in part and from time to time, under the direction of the court and as justice may require, to the payment of such sum or sums as the court may deem it proper to award, by order or judgment as the case may be, and during the pendency of the action or at the termination thereof, for the education or maintenance of any of the children of a marriage, or for the support of the wife, or for her expenses in bringing and carrying on said action and the proceedings incidental thereto or connected therewith; and if the rents and profits of the real estate, together with the other property so sequestrated, be insufficient to pay the sums of money required, the court, upon such terms and conditions as it may prescribe, may direct the mortgage or sale of sufficient of said real estate to pay such sums. The court may appoint the wife receiver or sequestrator in such cases. The court may authorize the wife to use and occupy, free of any liability for rent or use and occupation or otherwise, any house or other suitable property of her husband as a dwelling for herself or herself and her children, and may likewise turn over to her for the use of herself or herself and her children any chattel or chattels of her husband. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

The *ex parte* order granted herein was obtained upon the affidavit of plaintiff showing her marriage to defendant, that he had an income of at least $9,200 per year and that he owned real estate worth $30,000, free and clear, and that he had refused to provide a home for her or to support and maintain her. She asked the court to allow her $100 a week alimony and $1,000 counsel fees. She does not state where her husband resides. Her attorney made affidavit as to the merits of the action and the reasonableness of the fee asked and also set forth two letters written by him to defendant asking for a conference for an amicable settlement of the matters in difference. An affidavit was presented from Joseph

G. M. Browne, managing clerk for plaintiff's attorney, as to an alleged admission made by defendant's then attorney that defendant was deliberately avoiding service of the summons, complaint and motion papers in the action. Charles Emeloch, a process server, made affidavit as to efforts made to serve defendant at the rectory of St. Stephen's Church in Sixty-ninth street near Broadway, at defendant's office 100 William street and 180 Broadway, at the office of Dr. Smith, defendant's physician, at the Spencer Arms Hotel and at Floral Park, L. I. Based on his lack of success in making service the process server swears that he "believes that Mr. Matthews, the defendant herein, is concealing himself so that process cannot be personally served upon him." It is significant that no one in all these papers undertakes to swear where defendant actually resides.

After the *ex parte* order had been made, defendant appeared specially for the purpose of moving to vacate, set aside and annul said order. The affidavits set forth that at the time of making the order and prior thereto, defendant was a non-resident of New York, being a resident of New Jersey; that this action was not commenced as no summons had been served on defendant, nor had any order for substituted service been made; that the records showed that on May 19, 1924, an order was made directing Blake Bros., a brokerage house having offices at No. 5 Nassau street, in the borough of Manhattan, New York city, to show cause why said firm should not be ordered to turn over and deliver to said receiver all the securities and other property which they hold belonging to said William Thorne Matthews, and why the said receiver should not be authorized to sell and dispose of the same forthwith, and out of the proceeds thereof to make the various payments directed by said order of May 1, 1924, to be made.

Further, that certified copies of said order of May 1, 1924, have heretofore been served on said Blake Bros., Ætna Life Insurance Company and the American Trust Company, thus effectually tying up for the time being, large and valuable assets of said William Thorne Matthews without any jurisdiction thereof or of him.

The defendant makes affidavit that he is, and was before the order of May first was made, a non-resident of New York and a resident of New Jersey. He swears:

" 3. On March 17th, 1924, I purchased a residence at Glen Wild Lake, near the Borough of Bloomingdale, County of Passaic and State of New Jersey, which I thereupon and at all times since have occupied as a home and permanent residence, regarding the State of New Jersey as my domicile and legal residence, for all purposes.

" 4. I notified the above named Anna M. Matthews of the fact that my home was at Glen Wild Lake, New Jersey, by letter dated June 3rd, 1924, of which a copy is hereto annexed, marked ' Exhibit A ' and made part hereof.   *   *   *

" 7. I did not go to New Jersey temporarily to avoid service of process herein, nor in order to raise the question presented by the present application, but my residence in New Jersey is *bona fide,* and permanent and acquired before I had any idea that an order such as that of May 1, 1924, could be made, or had been applied for."

Plaintiff makes a replying affidavit in which she says that the parties were married in the borough of Manhattan, city of New York, on the 14th day of September, 1923, and thereafter lived at 309 West Ninety-third street, in said borough, until the 1st day of November, 1923, when defendant and plaintiff went to live at the Hotel Nobleton, located at No. 126 West Seventy-third street, in said city, where they resided until December 18, 1923, at which time it is alleged plaintiff was compelled to leave the defendant.   Thereafter she resided at No. 153 West Seventy-seventh street, up to the beginning of February, 1924, and thereafter and up to the date of these proceedings she has resided at No. 108 West Ninety-first street.   It is alleged that owing to the impossibility of serving defendant with the summons and complaint in the action, and with motion papers for alimony and counsel fee, owing to the fact that he kept himself concealed, so as to avoid service, an application was made pursuant to the provisions of section 1171-a of the Civil Practice Act, for an order making provision for the support and maintenance of plaintiff, during the pendency of this action, as well as for payment of a counsel fee and, as well, for the appointment of a receiver, pursuant to the provisions of the statute, to take possession of the defendant's property; and the order in question was made.

But though plaintiff swears that defendant has been for thirty years a resident of the State of New York, she carefully refrains from stating what his address is, or was, in said State at any time after she says she was compelled to leave him, nor is there anything stated in any of her affidavits or any of the other affidavits submitted on her behalf, which controverts defendant's claim that he was before the *ex parte* order in question was applied for, a resident of the State of New Jersey and has remained such ever since. None of the affidavits on plaintiff's behalf even suggest a place where defendant resides, or can be found, within the State of New York.

**42**

First Department, November, 1924. [Vol. 210

The section of the act in question is now attacked by appellant as unconstitutional, in that it is violative of section 1 of the Fourteenth Amendment of the Constitution of the United States and section 6 of article 1 of the Constitution of the State of New York, in that it deprives defendant of his property without due process of law.

In this action, which has never been legally commenced, since the summons therein has never been served (Civ. Prac. Act, § 218) and the defendant has not made a voluntary general appearance (Civ. Prac. Act, § 237), the *ex parte* order granted therein does the following things, among others: (1) Directs the sequestration of defendant's real and personal property and appoints a receiver thereof; (2) awards the plaintiff alimony during the pendency of the action, payable weekly, and counsel fees, and directs the payment thereof by the receiver out of the personal property of defendant and out of the rents and profits of his real estate; (3) authorizes plaintiff, if the income from such property of defendant be insufficient, to apply to the court for leave to mortgage or sell the same in order to pay to plaintiff the amount awarded to her.

The aforesaid *ex parte* order does not direct the service of the summons in the action upon defendant, nor does it make any provision for substituted service.

The effect of the order is thus to cause the immediate seizure of defendant's property within this State, to cause its immediate application to the payment of the amounts awarded *ex parte* for alimony and counsel fees, and to deprive defendant of his property, real and personal, to that extent without due process of law.

Respondent seeks to sustain the order as being, in effect, a provisional remedy, similar in its nature to an attachment. But an attachment simply secures the preservation of defendant's property pending the obtaining of a judgment in the action, and does not attempt to deplete the fund or pay out the property so attached or its proceeds; whereas the present order not only directs a seizure of defendant's property but adjudges in his absence and without notice to him, how much shall be paid therefrom, beginning immediately and thus effecting the immediate depletion of the fund. Moreover, as to the amounts so paid out to plaintiff for alimony, defendant could never recover them back, even if the order directing them was afterwards reversed; the principle upon which restitution is ordered does not apply either to temporary or permanent alimony. (*Averett* v. *Averett,* 110 Misc. Rep. 584; affd., 191 App. Div. 948.)

Even in the case of an attachment, the Civil Practice Act requires (§ 905) that if the warrant be granted before the summons

is served, personal service of the summons must be made upon the defendant whose property is attached within thirty days after the granting of the warrant, or else before the expiration of the same time, service of the summons by publication must be commenced or service made without the State pursuant to order.

The plaintiff claims that though the action is admittedly *in personam*, the proceeding under section 1171-a of the Civil Practice Act is one *in rem* and is sustainable as a valid exercise of the police power of the State.   Even this theory, it seems to me, does not dispense with the necessity of notice to the defendant whose property is taken, nor justify its immediate and continued application to the payment of an award for alimony thereby made to plaintiff *ex parte.*   Thus in *Ward* v. *Boyce* (152 N. Y. 191, 203) Judge O'BRIEN said: " In a proceeding *in rem*, there must be jurisdiction of the *res*, and where there is, personal service of notice within the jurisdiction is not necessary.   But, in order to bind the owner in a subsequent action in this jurisdiction, the proceeding must at least be shown to have been orderly and conducted according to the rules of the common law for the protection of private rights.   The property must be appropriated for the purpose by the judgment of some competent court, that has acquired jurisdiction by regular process, with some reasonable notice to the owner and an opportunity to be heard."

In *Windsor* v. *McVeigh* (93 U. S. 274) Mr. Justice FIELD said (at p. 279): " The seizure in a suit *in rem* only brings the property seized within the custody of the court, and informs the owner of that fact.   The theory of the law is, that all property is in the possession of its owner, in person or by agent, and that its seizure will, therefore, operate to impart notice to him.   Where notice is thus given, the owner has the right to appear and be heard respecting the charges for which the forfeiture is claimed.   That right must be recognized and its exercise allowed before the court can proceed beyond the seizure to judgment.   The jurisdiction acquired by the seizure is not to pass upon the question of forfeiture absolutely, but to pass upon that question after opportunity has been afforded to its owner and parties interested to appear and be heard upon the charges.   To this end some notification of the proceedings, beyond that arising from the seizure, prescribing the time within which the appearance must be made, is essential. Such notification is usually given by monition, public proclamation, or publication in some other form.   The manner of the notification is immaterial, but the notification itself is indispensable."   (See, also, *Pennington* v. *Fourth Nat. Bank*, 243 U. S. 269.)

The respondent relies on the cases of *Gundry* v. *Gundry* (11

Okla. 423; 68 Pac. Rep. 509); *Wood* v. *Price* (79 N. J. Eq. 1; 81 Atl. Rep. 1093), and *Holmes* v. *Holmes* (283 Fed. Rep. 453).

In the *Gundry Case* (*supra*) the summons and complaint were personally served on the defendant on the very day the petition for divorce was filed and a week before the order for temporary alimony and counsel fees was made. In the *Wood Case* (*supra*) a statute of New Jersey was under consideration providing for the sequestration of a husband's property where the husband could not be found within the State to be served with process. But in that case an order of publication was duly made against the husband, the husband defaulted, and an order for proofs was made. The court said: " Plainly it is the legislative purpose to place in the custody of the law the corpus of the real estate as well as the rents and profits thereof, where the defendant cannot be found within this State to be served with process, and to retain the property thus sequestered either to compel his appearance and the giving of a bond as provided in cases of *ne exeat*, or, if he does not appear, then to provide for the enforcement of the decree out of the corpus of the estate and the rents and profits thereof. The proceeding is analogous to the familiar proceeding by foreign attachment in the common law courts." In the *Holmes Case* (*supra*) the court said (at p. 455): " It is settled law that a State may, consistently with due process of law and without violating any provision of the Federal Constitution, subject property located within its borders to claims existing against the owner of such property, whether or not the latter be a resident of such State, and whether or not he be served with personal process within the State in the legal proceedings instituted against him in a court of competent jurisdiction over the subject-matter thereof, to enforce such a claim, provided that at the commencement of such proceedings the property in question be brought under the control of such court, and an opportunity to contest said claim be afforded to the defendant therein by publication of notice, by personal service of process outside of the State, or by some other form of service of process, actual or constructive; it being immaterial whether the proceedings be at law or in equity, so long as they be essentially *in rem*."

None of these cases, it will be seen, is authority for the proposition that defendant's property may be seized and applied to the payment of plaintiff's claim without service of process upon him, either actual or constructive, and in advance of a final judgment.

I reach the conclusion, therefore, that section 1171-a of the Civil Practice Act is violative of the sections hereinbefore referred to, both of the Federal and State Constitutions, in that it deprives defendant of his property without due process of law, by seques-

trating his property, real and personal, and directing the payment therefrom of alimony and counsel fees to plaintiff without any notice to defendant by the service of notice or process, either actual or constructive, and in advance of a judgment rendered in plaintiff's favor after such service of process either personal or by publication upon defendant.

In addition to the foregoing general considerations which go to the constitutionality of the section itself, it should be said that in the case under consideration the original papers upon which the *ex parte* order was made failed to show what defendant's place of residence was in the State of New York, failed to show any efforts made to serve the summons on him at any such place, and failed to show that he was evading service, save for an alleged admission to that effect made by his then attorney, while on the motion to vacate the *ex parte* order, it was conclusively established that defendant was a resident of the State of New Jersey before this action was begun, and continuously resided therein thereafter.

The order denying the motion to vacate the *ex parte* order should, therefore, be reversed and the motion granted, and the said *ex parte* order should be vacated, set aside and annulled · *ab initio.*

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed and motion granted.