CARRIE DAVID, Plaintiff, *v.* IRWIN W. DAVID, Defendant.

Supreme Court, New York Special Term, June 17, 1925.

**Husband and wife — separation — alimony and counsel fees — motion to vacate ex parte order in action for separation, made pursuant to Civil Practice Act, § 1171-a, designating receiver of defendant's property, and directing application of property to payment of alimony and counsel fees — order made without notice to defendant or his attorneys improper — application may be made under Civil Practice Act, § 1171, upon notice pursuant to Civil Practice Act, § 975.**

An *ex parte* order in an action for separation, in which defendant has duly appeared and answered, made pursuant to section 1171-a of the Civil Practice Act, designating a receiver of said defendant's property and directing its application to the payment of alimony and counsel fees, was improperly granted and should be vacated, since some notice of an application for said order must be given to the defendant. However, a new application under section 1171 of the Civil Practice Act may be made upon notice to defendant or his attorneys, as provided by section 975 of said act.

MOTION to vacate order in action for separation, appointing receiver of defendant's property and directing its application to the payment of alimony and counsel fee.

*Bloomberg & Bloomberg*, for the plaintiff.

*Emil Weitzner*, for the defendant.

TIERNEY, J.:

This is an action for a separation. The defendant has duly appeared and answered. An order awarding temporary alimony and counsel fee has been made. No payments having been made as therein directed, the plaintiff obtained an *ex parte* order, under section 1171-a of the Civil Practice Act, appointing a receiver of the defendant's property and directing its application to the payment of alimony and counsel fee. The defendant moves to vacate

such order on various grounds, all of which appear to be meritorious. The motion will be disposed of on what is apparently the main and substantial ground, namely, that the order was made without notice to the defendant or his attorneys. The section of the Civil Practice Act under consideration provides a new and additional remedy for the obtaining of funds for the support of the wife and child or children in an action for divorce or separation. In *Matthews v. Matthews* (210 App. Div. 652) this section was held to be violative of both the State and Federal Constitutions, in that it deprived the defendant of his property without due process of law by sequestrating his property and directing the payment therefrom of alimony and counsel fee to the plaintiff without notice to the defendant, either actual or constructive, and in advance of a judgment in plaintiff's favor. An appeal was taken to the Court of Appeals and two questions certified: 1. Was the act unconstitutional as violative of section 1 of the Fourteenth Amendment of the Constitution of the United States and section 6 of article 1 of the Constitution of the State of New York? 2. Was the defendant's motion to vacate and annul *ab initio* the order sequestrating his property properly granted in that it deprived the defendant of his property without due process of law? The first question was answered in the negative and the second question in the affirmative. (240 N. Y. 28.) In affirmatively answering the second question the Court of Appeals clearly indicated that some notice of an application of this kind should be given to the defendant. Judge CRANE, writing for the court, makes the following declarations (at p. 32): " We agree that the defendant's property, whether he be resident or non-resident, cannot be paid out and disposed of by an order of the court without some notice, actual or constructive, to the defendant and an opportunity afforded him to be heard." (At p. 34): " It necessarily follows that when the word ' order ' is thus linked up to the word ' judgment ' so that the disposition of the sequestered property is to be ' by order or judgment,' the order also to be legal and effective must be on notice to the defendant, either given personally or in some form recognized by our practice." (Citing cases). (At p. 36): " The plaintiff made out a summons and complaint in this action for separation. Without having served them personally upon the defendant, she obtained an order sequestrating the defendant's property and directing payment out of it for support and counsel fee. No order for service by publication was obtained. Even if service by publication had been properly commenced, *the Special Term had no power to make immediate payments out of the sequestered funds before service or judgment.*" (Italics mine.) The motion is

accordingly granted, without prejudice to a new application under section 1171, and not 1171-a, of the Civil Practice Act upon notice to the defendant or his attorneys as provided by section 975 of the act. Settle order on notice.