**ANDERSON et al. v. ANDERSON.**

No. 18308.    Opinion Filed April 24, 1928.

Rehearing Denied May 29, 1928.

(Syllabus.)

1. **Husband and Wife—Action by Wife for Alimony, Maintenance, and Division of Property Properly Brought in County Where Property Situated Regardless of Nonresidence of Parties.**

Section 502, C. O. S. 1921, providing that "the plaintiff in an action for divorce must have been an actual resident, in good faith, of the state, for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed," does not preclude the wife who is a resident of the state of California from bringing her suit in the county of this state where her husband, also a resident of the state of California, has real estate located, in which action she prays for alimony, separate main-

tenance, and division of property without divorce.

## 2. Same—Right to Appointment of Receiver to Take Charge of Real Estate.

Where a wife brings suit for alimony, separate maintenance, and division of property, making other parties, to whom her husband has transferred title to his real estate, codefendants, she may, upon proper application, have a receiver appointed to take charge of and collect the income from the real estate, conveyances to which she seeks to have set aside, pending final determination of the litigation.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Elaine D. Anderson against Hoxie Anderson, Wilmer Anderson, Charles Anderson, Nettie H. Anderson, and C. L. Anderson. Judgment for plaintiff, and defendants appeal. Affirmed.

Cruce & Potter, George S. Ramsey, Edgar A. de Meules, and Villard Martin, for plaintiffs in error.

H. E. Ledbetter, Champion, Champion & Fischl, and Charles B. Hazelhurst, for defendant in error.

PHELPS, J. Elaine D. Anderson, defendant in error, filed her suit in the district court of Carter county against Hoxie Anderson, her husband, for alimony and separate maintenance and division of property without divorce. She claimed that her husband was possessed of property of the aggregate value of about $300,000, some of which was oil producing lands, and that the income from said property was approximately $2,500 per month, all of which was located in the state of Oklahoma, a greater portion being located in Carter county. She further claimed that after their separation her husband, Hoxie Anderson, had transferred the title to his property to his mother and brothers, who appear here as plaintiffs in error. She prayed for alimony and separate maintenance and that the property transferred to the mother and brothers of her husband be declared to be held in trust for him.

Upon hearing, the court awarded her temporary alimony, suit money, and attorney's fees and appointed a receiver to take charge of the property pending the final outcome of the litigation, and from an order and judgment overruling motion to vacate the order appointing receiver, plaintiffs in error prosecute this appeal.

The pleadings show that all the parties to this action are residents of the state of California, and it is contended by plaintiffs in error that Mrs. Anderson could not, therefore, maintain this action in Oklahoma; while it is contended by defendant in error that section 502, C. O. S. 1921, requiring the plaintiff to have been a resident of the state for one year preceding the filing of a petition for divorce, is not applicable in causes wherein alimony and division of property is sought without divorce. In other words, it is the contention of defendant in error that it was the property within the jurisdiction of the court that gave the trial court jurisdiction to entertain the cause and defendant in error the right to prosecute the action.

This position is apparently well supported by the authorities. Section 514, C. O. S. 1921, authorizes the filing of an action for alimony without divorce, and, in Litowich v. Litowich, 19 Kan. 451, under a statute very similar to, if not identical with ours, the Supreme Court of Kansas, speaking through Mr. Justice Valentine, said:

"There is no statute requiring that either party shall be a resident of the state of Kansas in order that the action for alimony may be maintained; and the statute requiring a residence for one year on the part of 'the plaintiff in an action for **divorce,**' does not apply in an action for **alimony.**"

In Wohlford v. Wohlford, 225 Pac. 746, the Supreme Court of Kansas also held that the statute authorizing the granting of a divorce upon the grounds of abandonment for one year did not preclude the wife from bringing her action for separate maintenance within a period of less than one year after the abandonment occurred.

30 C. J., page 1082, lays down the rule that:

"* * * *Statutes requiring the plaintiff in an action for divorce to be a resident of the state for a specified period of time are not applicable to suits for separate maintenance.

"* * * Where the object of the suit is to reach and appropriate real property of the husband for the support of the wife, the suit may and must be brought in the county where such property is located, even though the wife does not reside therein."

In Rhoades v. Rhoades, 111 N. W. 122, in discussing a question similar to the question under consideration here, the Supreme Court of Nebraska said:

"The action being in equity, and seeking to impound the defendant's property, jurisdiction does not depend upon the domicile of the plaintiff, but upon the location of the property within the jurisdiction of the court."

The first subdivision of section 199, C. O. S. 1921, provides that actions

"For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest"

—must be brought in the county in which the subject-matter of the action is situated.

We, therefore, conclude that, although the plaintiff in the court below might have filed and prosecuted her action for alimony, separate maintenance, and division of property in the California courts, she was not required to do so. We see no sound reason for holding that she must first file and prosecute her action and obtain judgment in the California courts, then be subjected to the trouble and consequent expense of coming to Oklahoma for the purpose of setting aside the conveyances her husband made to his mother and brothers and enforcing her judgment against his property located in this state.

Plaintiffs in error claim that the court had no jurisdiction or authority to appoint a receiver and, therefore, erred in overruling their motion to vacate the order appointing such receiver. With this contention we cannot agree.

In her petition defendant in error alleged that her husband had transferred his property to his mother and brothers for the purpose of defrauding her; that the income from such property was about $2,500 per month, and prayed for appointment of a receiver to take charge of this property.

In Murray v. Murray, 115 Cal. 266, 47 Pac. 37, the Supreme Court of California held that, under the statute of that state, very similar to ours, the wife could maintain an action to set aside a deed of her husband made for the purpose of defrauding her of her right to separate maintenance; that her claim for separate maintenance is within the general powers of a court of equity to grant and not dependent upon statute, and that the court had power to appoint a receiver at the beginning of the action.

In Hamil v. Hamil, 106 Okla. 14, 232 Pac. 823, this court reviewed the authorities and, in the syllabus, said:

"Where the plaintiff, a resident of this state, brings suit for divorce and alimony, and alleges that the defendant is a nonresident but has property within the jurisdiction of the court, describing same in her petition and publication notice, and obtains service by publication, she may make any person having possession of the defendant's property, or holding the same in trust for him, a party to such action for the purpose of applying the property in payment of the alimony that may be awarded her, and this will be sufficient seizure of the property to give the court jurisdiction of same, and to render judgment for alimony against the defendant."

In that case the plaintiff was a resident of this state, but, having herein reached the conclusion that the plaintiff, a nonresident, may maintain the action against her nonresident husband, the same rule would apply.

Complaint is made that the order for the payment of temporary alimony and the appointment of receiver was made without notice. It is not so shown by the record, but counsel in their brief make the statement that affidavit for service by publication was made on April 14th, and that the notice was published on the same day, the same being one day prior to the date of the order, and that proof of the publication was subsequently filed. However that may be, this court held in Gundry v. Gundry, 11 Okla. 423, 68 Pac. 509, and Fowler v. Fowler, 61 Okla. 280, 161 Pac. 227, that an order for alimony pendente lite might be made without notice.

A number of other questions are presented here, but all are dependent upon and revolving around the main questions raised herein, which are, first, the right of defendant in error to maintain her action in this state, and second, whether the court erred in appointing a receiver and refusing to vacate the order upon motion of the defendants below, and, having reached a conclusion contrary to the contention of plaintiffs in error and that the judgment must be affirmed, it is unnecessary to here dispose of the other questions raised.

The judgment of the district court is, therefore, in all things affirmed.

MASON, V. C. J., and HARRISON, LESTER, and HUNT, JJ., concur.

RILEY, J., concurs in conclusion.

BRANSON, C. J., dissents.

Note.—See under (1) 30 C. J. pp. 1081, 1082, §880; p. 1082, §881; anno. 29 A. L. R. 1385, 1386; 1 R. C. L. pp. 884-887; 4 R. C. L. Supp. p. 60; 5 R. C. L. Supp. p. 52; 6 R. C. L. Supp. p. 45. (2) 30 C. J. p. 1095, §911; 1 R. C. L. p. 889.