(No. 5324.  February 6, 1930.)

IDA B. TRADER, Appellant, v. FRANK TRADER and EVERETT TRADER, Respondents.

[285 Pac. 678.]

Frank Croner, for Appellant.

R. M. Angel and W. A. Brodhead, for Respondents, cite no authorities on points decided.

VARIAN, J.—Plaintiff commenced this action for divorce from Frank Trader on September 23, 1927, making Everett Trader co-defendant, and setting up two causes of action. The first cause of action pleads grounds for divorce for failure to provide, and makes no reference to the co-defendant, Everett Trader. The second cause of action, after pleading the facts upon which plaintiff bases her claim for divorce upon the ground of cruelty, alleges that defendant Frank Trader, at the time of the marriage, was the owner of 400 acres of land, therein described; that during the marriage, said defendant secreted the earnings of said real property, and put the same out of his hands with intent to defraud plaintiff of her rights thereto; that after the marriage of plaintiff and Frank Trader, July 1, 1926, to-wit, on or about the fourteenth day of January, 1927, Frank Trader, with intent to defraud plaintiff of her claim for alimony, etc., and without her knowledge, conveyed said real estate to defendant Everett Trader, without considera-

tion; that said Everett Trader knew of the intent and purpose of Frank Trader, and conspired with him to so get rid of his property in order to defraud plaintiff, etc.

Defendants filed a joint general demurrer to the complaint on October 1, 1927, and on November 7, 1927, without waiving their said demurrer, each filed separate answers to the complaint. On December 9, 1927, the defendants filed an amended demurrer specifically attacking the allegations of fraud, etc., and the joinder of defendant Everett Trader as defendant, and setting forth misjoinder of parties and causes of action. The demurrers were overruled, and motion to strike denied. Thereafter, on May 21, 1928, defendants moved to require plaintiff to separately state ''the two causes of action commingled'' in the second cause of action. This motion was sustained, and on July 23, 1928, plaintiff declining to amend, judgment of dismissal was entered, from which plaintiff appeals.

The principal question relates to the second cause of action. Does it state two causes of action, one for divorce on the ground of cruelty and the other to set aside a conveyance made in fraud of plaintiff's alleged rights?

As was conceded by counsel on the argument, plaintiff in a divorce action may join the alleged fraudulent grantee of the husband as a party defendant, and seek to have the conveyance set aside in the divorce action. (1 R. C. L., p. 956, sec. 99; 19 C. J., p. 99, sec. 235; 9 Cal. Jur., p. 712, sec. 75; *De Ruiter v. De Ruiter,* 28 Ind. App. 9, 91 Am. St. 107, 62 N. E. 100; *Bennett v. Bennett,* 15 Okl. 286, 81 Pac. 632, 70 L. R. A. 864; *Masterson v. Ogden,* 78 Wash. 644, Ann. Cas. 1914D, 885, 139 Pac. 654.) And it is likewise so held where the suit is for separate maintenance without divorce. (*Hinds v. Hinds,* 80 Ala. 225; *Anderson v. Anderson,* 131 Okl. 95, 267 Pac. 621.)

The precise question is, has there been a commingling of two causes of action, one for divorce on the ground of cruelty with one to cancel a conveyance made in fraud of plaintiff's marital rights, which should be separately

stated? We think not. Where a complaint alleges sufficient facts to entitle plaintiff to a divorce, and also alleges defendant husband's ownership of separate property and the fraudulent conveyance thereof to his co-defendant for the purpose of defeating the recovery of alimony, it states but one cause of action. (*Weyer v. Weyer,* 40 Cal. App. 765, 182 Pac. 776; *Maharry v. Maharry,* 5 Okl. 371, 47 Pac. 1051; *Damon v. Damon,* 28 Wis. 510.) And so it has been held, under the California statute, in an action for separate maintenance without divorce. (*Murray v. Murray,* 115 Cal. 266, 56 Am. St. 97, 47 Pac. 37, 37 L. R. A. 626.) In California, the same rule obtains in the case of community property. (*Kashaw v. Kashaw,* 3 Cal. 312.) The second cause of action in the instant case states but one cause of action, i. e., for divorce, and as part of the relief incident thereto seeks to cancel the husband's conveyance of his separate property alleged to have been accomplished to avoid subjecting it to the payment of any alimony that might be awarded plaintiff. Plaintiff's right is founded upon the marital obligation, and the relief sought follows from a breach of that obligation. If the marital obligation did not exist, or there was no breach thereof, in neither case would plaintiff have a cause of action against the co-defendant Everett Trader. Her husband had a right to convey his separate property without her knowledge or consent, unless said conveyance was with the design to defraud plaintiff of a right growing out of the marital relationship. It would have been improper to require a separate statement as ordered by the trial court. (See *Murray v. Murray, supra.*)

The record shows that after twice demurring to the complaint, moving to strike portions thereof, and answering to the merits, the defendant Everett Trader, more than six months after answer filed, interposed the motion to separately state the alleged commingled causes of action. This motion came too late, for by answering to the merits, and by delay in interposing his motion, he had waived his right, if any existed, to relief thereunder, and the trial court should have denied the motion on that ground. (See 31 Cyc.,

pp. 164, 649, 719–722; *Union State Bank v. Woodside*, 74 Okl. 217, 178 Pac. 109; *Jordan v. St. Louis Transit Co.*, 202 Mo. 418, 101 S. W. 11.)

Reversed and remanded. Costs to appellant.

Givens, C. J., Budge and Lee, JJ., and Koelsch, D. J., concur.