ANNA M. MATTHEWS, Appellant, *v.* WILLIAM T. MATTHEWS, Respondent.

**Constitutional law — matrimonial actions — sequestration of defendant's property in action for divorce or separation where defendant cannot be personally served and there is property within the State — statute (Civ. Pr. Act, § 1171-a) authorizing such remedy not unconstitutional when properly construed — remedy similar to an attachment and valid when invoked and used in same manner as attachment.**

1. It is the duty of this court in construing a statute which is reasonably susceptible of two constructions, one of which would render it unconstitutional, and the other valid, to adopt that construction which saves its constitutionality. A like duty requires the court to avoid a construction which raises grave and doubtful constitutional questions if the statute can reasonably be construed so as to avoid such questions.

2. In the exposition of statutes, the established rule is that the intention of the law-maker is to be deduced from a view of the whole statute, and every material part of the same; and where there are several statutes relating to the same subject, they are all to be taken together, and one part compared with another in the construction of any one of the material provisions, because, in the absence of contradictory or inconsistent provisions, they are supposed to have the same object and to pertain to the same system. Resort may be had to every part of a statute, or, where there is more than one in *pari materia,* to the whole system, for the purpose of collecting the legislative intention, which is the important inquiry in all cases where provisions are ambiguous or inconsistent.

3. The statute (Civ. Pr. Act, § 1171-a) authorizing " sequestration of defendant's property in action for divorce or separation where defendant cannot be personally served and there is property within the state " is not unconstitutional. By article 54 of the Civil Practice Act attachment was not provided for in matrimonial actions and section 1171-a attempted to provide a new and additional remedy in the nature of an attachment whereby, upon the commencement of the action, the husband's property may be seized and held by the sequestration order to await the further order and judgment of the court after proper hearing or notice and opportunity to be heard.

4. Under the statute, so construed, an abandoned wife may, when her husband is a non-resident, sequester his property but the service of the summons by publication must be commenced at once or within a reasonable time. After the defendant has been served by publication and is in default of appearance or pleading, the court can enter judgment and dispose of the sequestered property as it deems best for the interest of the wife and children. If the defendant appears there is no difficulty.

5. Plaintiff in an action for separation made out a summons and complaint and, without having them served personally upon the defendant, obtained an order sequestering the defendant's property and directing payment out of it for support and counsel fee. No order for service by publication was obtained. Even if service by publication had been properly commenced the Special Term had no power to make immediate payments out of the sequestered funds before service or judgment. The order was, therefore, properly vacated and annulled by the Appellate Division.

*Matthews* v. *Matthews,* 210 App. Div. 652, affirmed.

(Argued January 19, 1925; decided March 3, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial

department, entered November 15, 1924, which reversed an order of Special Term granting a motion by plaintiff for alimony and counsel fee to be paid out of defendant's property sequestrated under an order of the court without notice to him and also reversed an order of said court denying defendant's motion to vacate and annul *ab initio* said order.

The questions certified are stated in the opinion.

*Barnett• E. Kopelman* for appellant.   Chapter 51 of the Laws of 1923, which added section 1171-a to the Civil Practice Act, is constitutional and valid. (*People* v. *Klinck Packing Co.,* 214 N. Y. 121; *Colon* v. *Lisk,* 153 N. Y. 188; *Cook* v. *Gregg,* 46 N. Y. 439; *The Ann,* 8 Fed. Rep. 923; *Grevell* v. *Whiteman,* 65 N. Y. Supp. 974; *Wilson* v. *Standefer,* 184 U. S. 399; *Gundry* v. *Gundry,* 11 Okla. 423; *Wood* v. *Price,* 79 N. J. Eq. 1; *Wilder* v. *Wilder,* 93 Vt. 105; *Holmes* v. *Holmes,* 283 Fed. Rep. 453; *People* v. *Fagin,* 194 App. Div. 185; *People* v. *Cook,* 197 App. Div. 155.)

*Richard M. Page* and *William H. Page* for respondent. Section 1171-a of the Civil Practice Act is unconstitutional and the order granted under the assumed authority thereof is void. (*Pennington* v. *Fourth Nat. Bank,* 243 U. S. 269; *Ward* v. *Boyce,* 152 N. Y. 191; *Windsor* v. *McVeigh,* 93 U. S. 274; *Ackerman* v. *Ackerman,* 200 N. Y. 72; *Pollitzer* v. *Pollitzer,* 178 App. Div. 744; *Burch* v. *Burch,* 116 App. Div. 865; *Edwards* v. *Edson,* 119 App. Div. 684; *Baylies* v. *Baylies,* 196 App. Div. 677; *Pennoyer* v. *Neff,* 95 U. S. 714; *Stallings* v. *Stallings,* 127 Ga. 464.)

CRANE, J.   Altnough we must affirm the order of the Appellate Division vacating and annulling *ab initio* the order entered May 2, 1924, granted herein, yet we do not agree with that court in its finding that section 1171-a. of the Civil Practice Act is unconstitutional.

This appeal has been sent to us by the Appellate Division which has certified two questions:

" 1. Is chapter 51 of the Laws of 1923 amending article 70 of the Civil Practice Act by inserting therein a new section, numbered section 1171-a, unconstitutional in that it is violative of section 1 of the Fourteenth Amendment of the Constitution of the United States and section 6 of article 1 of the Constitution of the State of New York?

" 2. Was the defendant's motion to vacate and annul *ab initio* the order of the Supreme Court, New York county, entered herein on May 2, 1924, properly granted, in that said order deprives  defendant of his property without due process of law? "

Section 1171-a is headed: " Sequestration of defendant's property in action for divorce or separation where defendant cannot be personally served and there is property within the State."   It reads as follows:

" Where in an action for divorce or separation it appears to the court that the defendant is not within the state, or cannot be found therein, or is concealing himself therein, so that process cannot be personally served upon him, the court may at any time and from time to time make any order or orders without notice directing the sequestration of his property, both real and personal and whether tangible or intangible, within the state, and may appoint a receiver thereof, or by injunction or otherwise take the same into its possession and control.  The property thus sequestrated and the income therefrom may be applied in whole or in part and from time to time, under the direction of the court and as justice may require, to the payment of such sum or sums as the court may deem it proper to award, by order or judgment as the case may be, and during the pendency of the action or at the termination thereof, for the education or maintenance of any of the children of a marriage, or for the support of the wife, or for her expenses in bringing and carrying on said action and the proceedings incidental

thereto or connected therewith; and if the rents and profits of the real estate, together with the other property so sequestrated, be insufficient to pay the sums of money required, the court, upon such terms and conditions as it may prescribe, may direct the mortgage or sale of sufficient of said real estate to pay such sums. The court may appoint the wife receiver or sequestrator in such cases."

In its opinion the Appellate Division considered this section unconstitutional as authorizing the payment of alimony and counsel fee out of the sequestered property without notice to the defendant and before service of the summons in the action upon him. We agree that the defendant's property, whether he be resident or non-resident, cannot be paid out and disposed of by an order of the court without some notice actual or constructive to the defendant and an opportunity afforded him to be heard. We do not read this section, however, as attempting to confer such power upon the court. What the Legislature evidently intended to provide for was the case where a husband had property within the State and was concealing himself or else had disappeared so that personal service could not be made upon him. Under such circumstances the court, in the interest of his wife and children and the public generally, was authorized to seize his property without notice and to hold it for legal disposition. By article 54 of the Civil Practice Act, attachment was not provided for in matrimonial actions. This section 1171-a attempted to provide a remedy in the nature of an attachment whereby upon the commencement of an action the husband's property could be seized and held for judgment or for order after notice.

An analysis of the section leads to this construction. In the very first words we have " Where *in* an action for divorce or separation it appears to the court that the defendant is not within the State," etc. " In an action " must refer to an action already pending or presently

begun. As in the case of other provisional remedies the order may be granted to accompany the summons. (Civ. Prac. Act, secs. 818, 825.) In the case of an attachment, for instance, the service of the summons by publication must commence within thirty days after the granting of the order for the attachment. (Civ. Prac. Act, sec. 905.)

Section 1171-a then goes on to state: " The court may at any time * * * make any order * * * without notice directing the sequestration of his property, * * * and may appoint a receiver thereof * * * or otherwise take the same into its possession and control." This in effect is the same as attaching the defendant's property and holding it subject to the further order or judgment of the court. This is the only step which by this section the court is authorized to take without notice. This section recognizes and must be read in connection with the other provisions of the act which provide that where the defendant is a non-resident or conceals himself so that he cannot be found within the State, service may be made upon him by publication. (Civ. Prac. Act, sec. 232, subd. 5.) In that case an order of sequestration may be made but the service of the summons by publication must be commenced at once or within a reasonable time.

Wives and children of absconding husbands who have property within the State, therefore, have this new and additional remedy. The property may be seized and held by the sequestration order, subject to the further provision of the court.

In this connection it may be well to note that by section 1167 of the Civil Practice Act, the summons when published must bear upon its face: "Action for a separation."

Now we come to the provision of section 1171-a which provides for the disposition of this property sequestered. The words " without notice " do not appear in any of the following sentences. It is said that the property seques-

tered " may be applied  *  *  *  under the direction
of the court and as justice may require,  *  *  *  by
order or judgment  *  *  *  during the pendency of the
action or at the termination thereof, for the  *  *  *
maintenance  *  *  *  of the children,  *  *  *  wife,
or for her expenses in bringing  *  *  *  the action."
It must be conceded that no judgment could be obtained
for the disposition of the sequestered property without
personal or constructive service upon the defendant.
We have no such thing in our practice; in fact there is no
such thing in existence in the law as a personal judgment
without service or notice of some kind, and the only
kind of notice that we recognize in this State for the
obtaining of a judgment is personal service, substituted
service or the service by publication of the summons in
the action.  It necessarily follows that when the word
" order " is thus linked up to the word " judgment "
so that the disposition of the sequestered property is to
be " by order or judgment," the order also to be legal and
effective must be on notice to the defendant either given
personally or in some form recognized by our practice.
(*Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531, 544;
*Wadley Southern Ry. Co.* v. *Georgia*, 235 U. S. 651, 658.)

An abandoned wife where, as in this case, her husband
is a non-resident, may sequester his property, but the
service of the summons by publication must be com-
menced as herein stated.  After he has been served by
publication and is in default of appearance or pleading,
the court can enter judgment and dispose of the seques-
trated property as it deems best for the interest of the
wife and children.  If the defendant appears, of course
there is no difficulty.

In thus construing section 1171-a, we think we are
carrying out what is the manifest intention of the Legis-
lature recognized in the grievance which has heretofore
existed, and the remedy which is sought to be applied.
Our construction recognizes the rule that it is the duty of

this court in construing a statute which is reasonably susceptible of two constructions, one of which would render it unconstitutional, and the other valid, to adopt that construction which saves its constitutionality. A like duty requires us to avoid a construction which raises grave and doubtful constitutional questions if the statute can reasonably be construed so as to avoid such questions. (*Knights Templars'. & Masons' Life Indemnity Co.* v. *Jarman,* 187 U. S. 197; *Harriman* v. *Interstate Commerce Com.,* 211 U. S. 407; *U. S.* v. *Delaware & Hudson Co.,* 213 U. S. 366.)

Neither have we departed from a familiar rule of construction in assimilating the practice under section 1171-a to attachment proceedings. These two remedies are similar in nature and both aim to seize and hold property found in this State belonging to non-residents to await the further order and judgment of the court after proper notice and hearing or notice and opportunity to be heard. Similar statutes enacted for the purpose of avoiding similar evils and affording similar remedies should have uniformity of application and of construction.

" In the exposition of statutes, the established rule is that the intention of the law-maker is to be deduced from a view of the whole statute, and every material part of the same; and where there are several statutes relating to the same subject, they are all to be taken together, and one part compared with another in the construction of any one of the material provisions, because, in the absence of contradictory or inconsistent provisions, they are supposed to have the same object and as pertaining to the same system. Resort may be had to every part of a statute, or, where there is more than one in *pari materia,* to the whole system, for the purpose of collecting the legislative intention, which is the important inquiry in all cases where provisions are ambiguous or inconsistent." (*Kohlsaat* v. *Murphy,* 96 U. S. 153, 159; *New Lamp Chimney Co.* v. *Ansonia Brass & Copper Co.,* 91 U. S. 656, 662.)

" In construing a statute we have a right to consider conditions existing when it was adopted, and which it must be assumed the Legislature intended to meet, and also other statutes relating to the same subject." (*Bull* v. *New York City Ry. Co.*, 192 N. Y. 361, 372.)

"A statute is not to be given a construction at variance with established rules of procedure unless the intention of the Legislature is apparent." (*State* v. *Central Vermont Ry. Co.*, 81 Vt. 459.)

" When a number of statutes, whenever passed, relate to the same thing or general subject-matter, they are to be construed together and are in *pari materia.*" (*State* v. *Gerhardt*, 145 Ind. 439, 460; *Kidd* v. *Bates*, 120 Ala. 79, 84; *Citizens & Taxpayers* v. *Williams*, 49 La. Ann. 422.)

Read in this way, our law then conforms to similar provisions receiving like construction in other States. (*Pennington* v. *Fourth National Bank of Cincinnati*, 243 U. S. 269; *Wood* v. *Price*, 79 N. J. Eq. 1; *Gundry* v. *Gundry*, 11 Okla. 423; *Holmes* v. *Holmes*, 283 Fed. Rep. 453.)

As stated at the beginning, we approve of the disposition of the Appellate Division in reversing the order below and granting the motion to vacate and annul *ab initio* the order entered May 2, 1924.

The plaintiff made out a summons and complaint in this action for separation. Without having served them personally upon the defendant, she obtained an order sequestrating the defendant's property and directing payment out of it for support and counsel fee. No order for service by publication was obtained. Even if service by publication had been properly commenced the Special Term had no power to make immediate payments out of the sequestered funds before service or judgment. This order, therefore, was properly vacated and annulled by the Appellate Division.

For the reasons here stated the order appealed from must be affirmed, with costs, and the questions certified answered as follows:

First question is answered in the negative so far as applicable to this case.

Second question is answered in the affirmative.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; LEHMAN, J., concurs in result in memorandum.

Order affirmed.

LEHMAN, J. I concur in the affirmance of the judgment of the Appellate Division but I do not in the construction placed by this court upon the statute.