JOHN WINTERS, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

IRWIN WOLFE, Appellant, v. SALVATORE DEANGELO, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

BLUMA ABRAMOWITZ and MORRIS ABRAMOWITZ, Appellants, v. THE CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

LEITO KILDARE. ADAMS, Appellant, v. EDGARETTA O. CLINTON and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

ARMIN BENCOE, Respondent, v. ROBERT E. McDONNELL and Others, Copartners, Doing Business as McDONNELL & COMPANY, Appellants.— Order denying the defendants' motion to confirm the report of the referee and directing the defendants to render an accounting reversed on the law and the facts, with ten dollars costs and disbursements, the motion to confirm the referee's report granted, with ten dollars costs, and judgment dismissing the complaint directed to be entered, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. We are of opinion that the defense of an account stated was established and that the account so stated has not been impeached. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur. Settle order on notice.

ROBERT B. BRISTOW, Respondent, v. H. L. & F. McBRIDE, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

KATHERINE E. BRODHEAD, Appellant, v. WILLIAM T. BRODHEAD, Respondent. — Order vacating sequestration order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, the court being of opinion that the order thus vacated was based upon a sufficient showing and that its validity was not subject to challenge in view of the personal service of the summons and complaint within two days after the order was made. The case of *Matthews* v. *Matthews* (240 N. Y. 28) authorizes such an order but limits the right to make payments out of such sequestered property to a period after notice to the defendant, either actual or constructive. The sequestration order forbids the payment of any moneys sequestered until directed by the court. In this case the jurisdiction of the person concededly having been obtained, he is in a position to question the propriety of any payments hereafter directed to be made. If defendant is so advised he may apply to the Special Term for a reduction of the sequestered property in the hands of the receiver so as to be substantially commensurate with defendant's probable liability, or it may be that, upon a proper showing, the Special Term would substitute security pursuant to the provisions of section 1171 of the Civil Practice Act in lieu of the sequestered property. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.