Cortland A. Johnson, J.
The 1935 judgment of separation directed the defendant to make payments; he is in arrears, although the amount is in dispute. Ño affidavit is submitted on behalf of the defendant, so the amount due is not in issue, except so far as it was disputed orally on the argument of the motion. He is now, and has been for some time, a resident of New Jersey. There is in the hands of the New York City Teachers’ Retirement Board the sum of $3,000 due him upon his resignation from the school system; that is not pension money, nor is it payable in installments; it is due him in a lump sum as the return of deductions from salary, etc.
The plaintiff’s order to show cause why a receiver should not be appointed under section 1171-a of the Civil Practice Act has been served upon the board, and personal service on him was made in New Jersey. Upon the return day an attorney appeared for him and applied orally for an adjournment; no statement was made at the time that his appearance was special. It is required that those who wish to appear specially follow strict procedure; under the circumstances there had been a general appearance. The objection that no due service had been shown is overruled.
The circumstances shown indicate that the defendant has left the jurisdiction, and has disobeyed the direction of the judgment to make payments. The procedure followed by the plaintiff herein seems to be sanctioned by Geary v. Geary (272 N. Y. 390), citing and following Matthews v. Matthews (240 N. Y. 28). The question in the Matthews ease seems to have been whether an action had been begun, but here not only has the action been begun but judgment has been entered. Motion is granted, settle order on notice.