TILLIE MENCHILLO, Plaintiff, *v.* JOSEPH MENCHILLO, Defendant.

Supreme Court, Special Term, Monroe County, February 27, 1947.

*Herman Kestenblatt* for plaintiff.

*Chamberlain, Page & D'Amanda,* for defendant appearing specially.

CRIBB, J. Plaintiff brought an action for separation against the defendant in 1944. On April 11, 1944, a judgment was made and entered denying a separation and dismissing the complaint upon the merits, and further ordering that, so long as the infant child of the parties shall remain in the custody of the plaintiff, the defendant shall deposit to plaintiff's account in a designated bank $8 per week for the support and maintenance of said infant. Plaintiff by her affidavit alleges that defendant is in arrears on these payments in the sum of $250 as of February 10, 1947; that " I have made attempts to locate the defendant, but have been unsuccessful. That I have heard from various people that defendant was in the State of Florida." She further states that " Ralph Roberts of Honeoye Falls, New York, on February 13, 1947, at the Rittenhouse Company at Honeoye Falls, New York, told me the following: that Joseph Menchillo left from Honeoye Falls, New York on or about February 2, 1947, in company with his two sons, Edward Roberts and Albert Roberts and another man. They traveled by automobile. Mr. Roberts said he received a card from them that they had arrived in Miami, Florida." Her affidavit further shows that she and the defendant are the owners as tenants by the entirety of certain real estate situate in Monroe County, New York State, which is now vacant and producing no income, the defendant's interest therein being worth about $500. She further states " upon information and belief " that defendant left the State of New York " with the express intent and purpose of avoiding making any payments pursuant to the said judgment and that the said defendant intends to stay in the State of Florida and make his residence in said State."

Upon this statement of facts plaintiff seeks an order sequestering defendant's interest in said real estate, appointing a receiver of said property to take possession and control of the same and to apply the rents and profits to the payment of said amount of $250 in arrears and also to pay therefrom to plaintiff $8 per week beginning February 17, 1947, and her counsel fees on this motion, and, if such rents and profits are insufficient to make such payments, to sell the real estate and apply the net avails thereof to such payments.

Plaintiff served no notice of this motion upon the defendant, but did serve the attorneys who appeared for him in the separation action wherein the judgment was entered directing

plaintiff to pay $8 per week for the support of the infant child. These attorneys appeared specially on this motion and stated that they are not now his attorneys and have not acted in that capacity since the rendering of the judgment nearly three years ago.

This motion is brought under section 1171-a of the Civil Practice Act providing for sequestration of defendant's property in an action for divorce or separation where defendant cannot be personally served and there is property within New York State. Plaintiff contends that no notice to defendant is necessary upon a motion for the relief here sought. On the authority of *Matthews* v. *Matthews* (240 N. Y. 28, 32, 33) I am of the opinion that upon a proper showing plaintiff would be entitled to an order sequestering defendant's interest in the real estate and appointing a receiver thereof to take the same into his possession and control, but could not be authorized or directed to sell the property or disburse the income therefrom without further order by the court upon notice to the defendant. However, the plaintiff has failed to present facts upon this motion sufficient to support an order for sequestration and appointment of a receiver. She does not reveal what specific attempts she claims to have made to locate the defendant. Her allegation that he has gone to Florida rests only on what some person told her. There are no affidavits from persons claiming to know his whereabouts. The charge that he has left New York State permanently is only her surmise. For these reasons the motion must be denied, with the right to plaintiff to renew the motion upon a proper showing.

Let an order enter accordingly. No costs.