S. S. Kresge Company et al., Plaintiffs, *v.* City of New York, Defendant.

Supreme Court, Special Term, New York County, March 11, 1949.

*John P. McGrath, Corporation Counsel (Harry E. O'Donnell, Imre M. Schwarz* and *Francis J. Gibbons* of counsel), for defendant.

*Robert M. McCormick* and *Raymond W. Dunne* for plaintiff.

Benvenga, J. This is a motion by defendant for judgment on the pleadings. The action is for a judgment declaring uncon-

stitutional and void a certain resolution and map change adopted by the Board of Estimate of the City of New York, as well as sections 29 and 35 of the General City Law, and section 199 of the New York City Charter.

The challenged resolution, adopted on the recommendation of the city planning commission, widens by nine feet the mapped widths of 164th Street (between 89th Street and Jamaica Avenue) and of 89th Street (between 164th and 165th Streets), Jamaica, New York.

Plaintiffs Howe and Trunk are the owners of plots of ground on 164th Street, upon which plaintiff Kresge operates a retail store under leases expiring in 1986. Under the leases, Kresge is authorized to demolish the existing buildings and erect new buildings.

The complaint alleges that, following the adoption of the resolution, Kresge applied to the department of housing and buildings in the borough of Queens for a permit to erect a building on 164th Street as it was before the mapped change, and that, as the proposed building was partially located in the bed of the mapped street, the application was denied on the ground that it was contrary to section 35 of the General City Law. It is further asserted that, as the city has not acquired title to the nine-foot strip, the resolution and map change unlawfully deprives plaintiffs of their right, title and interest to the property and the use thereof, and that Kresge in particular is damaged because of its inability to construct its proposed building on the nine-foot strip, causing a total loss of 7,200 square feet of space in the three-story and basement building it had planned to erect.

As an affirmative defense, the answer sets up that, although the permit was refused, plaintiffs have failed to apply for relief, as provided in section 35 of the General City Law, to the board of standards and appeals — a board having power to make variances and exceptions. The reply pleads by way of avoidance that Howe and Trunk cannot apply for such relief because the nine-foot strip " yields a fair return on its value " to them as owners, and that Kresge, as a lessee, does not come within the purview of the statute.

The question thus presented involves the construction of section 35 of the General City Law. That section, so far as material, provides that, for the purpose of preserving the integrity of the official map or plan adopted by the board of estimate, no permit shall be issued for any building in the bed of any

street or highway shown or laid out on such map or plan, provided, however, that if the land within such mapped street or highway " is not yielding a fair return on its value to the owner ", the board of standards and appeals shall have power to grant a permit for a building in such street or highway "which will as little as practicable increase the cost of opening such street or highway, or tend to cause a change of such official map or plan, and such board may impose reasonable requirements as a condition of granting such permit, which requirements shall inure to the benefit of the city." It is further provided that " Any such decision shall be subject to review by certiorari order issued out of a court of record in the same manner and pursuant to the same provisions as in appeals from the decisions of such board upon zoning regulations." (Cf. Administrative Code of City of New York, § 668e–1.0.)

The contention that section 35 is unconstitutional and void is based upon the assumption that the statute limits the right of appeal thereunder to owners of property whose land within the mapped street is not yielding a fair return on its value. It is argued that, inasmuch as the property yields a fair return to Howe and Trunk as owners, by reason of its long-term rental to Kresge, and that, inasmuch as Kresge is a lessee and not the owner of the property, the statute fails to afford them any remedy or relief and, therefore, deprives them of their property and the use thereof without just compensation.

It is true that, under section 35, the board of standards and appeals is authorized to grant a permit for a building in a mapped street, if the land within it " is not yielding a fair return on its value to the owner " (see *Vangello* v. *City of Rochester*, 190 Misc. 128, 135). Accordingly, if the statute is to be given a strict construction, there is some basis for plaintiffs' contention. But the statute, relating as it does to procedural matters, is remedial and should be construed with a view to effectuating the intent and purpose of the Legislature (*Rochester Ry. Co.* v. *Robinson*, 133 N. Y. 242, 247). In construing it, therefore, a thing within the spirit and reason of the statute is to be held within the statute, even though not within the strict letter of the statute (*Gay* v. *Seibold*, 97 N. Y. 472, 477; *Harbeck* v. *Pupin*, 123 N. Y. 115, 119). Moreover, the presumption is in favor of the constitutionality of the statute; and, since it is contrary to the policy of the State and in violation of constitutional requirement to take property without just compensation (see N. Y. Const., art. I, § 7), it is the duty of the court to

adopt that construction of the statute which saves its constitutionality (*Matthews* v. *Matthews,* 240 N. Y. 28, 34–35; *People* v. *Ryan,* 230 App. Div. 252, 255; *Vangello* v. *City of Rochester,* 190 Misc. 128, 135–136, *supra;* Black, Interpretation of Laws [2d ed.], p. 110).

It is fair to assume, under the circumstances, that it was the intention of the Legislature to afford the remedy or relief provided in section 35, not only to persons who actually own the property involved, but also to those who have a substantial interest in it and will sustain loss or damage if the property is taken without just compensation. Indeed, such a construction is consistent with the definitions of " owner " and " real property " in the consolidated condemnation procedure of the City of New York (see Administrative Code of City of New York, § B15–1.0; *Matter of City of New York [Upper N. Y. Bay],* 219 App. Div. 387, 392–393). Certainly, Kresge, who holds leases on the property which do not expire until 1986, and who has authority to demolish the existing buildings and erect new buildings thereon, comes within the reason and spirit of the statute, although not within the strict letter. In a real sense, Kresge, if not the owner, stands in the shoes of, and is entitled to the same rights and privileges as the owner.

There can be no doubt that the official map or plan serves a useful purpose and does not, in and of itself, constitute a taking of property included within the mapped street (*Matter of City of New York [Saratoga Ave.],* 226 N. Y. 128, 137–138). Whether there is a taking of property depends upon the circumstances, and in a case such as this, upon whether the action ultimately taken by the board of standards and appeals may fairly be said to interfere with the use and enjoyment of the nine-foot strip within the boundaries of the mapped street (see *Headley* v. *City of Rochester,* 272 N. Y. 197, 200–201, 209; *Vangello* v. *City of Rochester,* 190 Misc. 128, 132). Hence, unless and until Kresge applies to the board of standards and appeals for a permit to erect the building in the mapped street, as provided in section 35, and the application is denied, this court is without jurisdiction to determine whether, under the circumstances, there has been a taking of the nine-foot strip without just compensation (*Vangello* v. *City of Rochester, supra,* p. 132).

The motion is granted. Settle order.