George Tilzer, J.
Motion to vacate an order of sequestration
and to direct the receiver to turn over the assets taken into her possession and to account therefor is denied. The defendant appears speciaHy and contends that since he was not served personally with the summons and complaint and since the service by publication was not commenced until more than 30 days after the order of sequestration, the order must be vacated. The Court of Appeals, in construing the constitutionality of section 1171-a of the Civil Practice Act, in Matthews v. Matthews (240 N. Y. 28, 33), stated: “ This section recognizes and must be read in connection with the other provisions of the act which provide that where the defendant is a nonresident or conceals himself so that he cannot be found within the State, service may be made upon him by publication. (Civ. Prac. Act, sec. 232, subd. 5.) In that case an order of sequestration .may be made but the service of the summons by publication must be com *398 menced at once or within a reasonable time.” (Emphasis supplied.)
While it is true that service by publication where a warrant of attachment has been issued must be commenced within 30 days (Civ. Prac. Act, § 905), and sequestration has been held to be similar in nature to attachment proceedings (Matthews v. Matthews, supra), in the absence of a definite statutory time within which to commence the proceeding pursuant to section 1171-a of the Civil Practice Act, the court is of the opinion that the publication herein must be commenced within a reasonable time. Accordingly, the court finds that although the publication was commenced after 30 days, on the facts of this case the publication was commenced within a reasonable time and therefore the motion cannot be granted.