Julius J. Gans, J.
On this motion by defendant husband to vacate an ex parte order which directed the sequestration of his property and appointed a receiver thereof, defendant urges that the order was improperly granted by virtue of the fact that he is a legal resident of New York and in view of the further fact that no showing was made that he intends to remove his assets from New York.
Plaintiff commenced an action to annul the marriage of the parties on the ground of defendant’s alleged incurable insanity for a period of more than five years, or, in the alternative, for a separation on the ground of abandonment. Defendant was served personally without the State and shortly thereafter plaintiff, on her ex parte application, secured the sequestration order which is now sought to be vacated.
Section 1171-a of the Civil Practice Act, pursuant to which section the order was obtained, in clear, unmistakable terms refers to a defendant’s physical presence, not his legal domicile. This section provides ‘ ‘ a remedy in the nature of an attachment whereby upon the commencement of an action the husband’s property could be seized and held for judgment or for order after notice ” (Matthews v. Matthews, 240 N. Y. 28). *37 The test therefore to be applied is the defendant’s actual abode and not his legal residence (Wolf v. Minton, 37 N. Y. S. 2d 294; Salm v. Krieg, 182 Misc 721).
It is undisputed that the defendant has been continuously absent from the State for the past four years. That despite this long absence, he still regards himself as a legal resident of New York is of no consequence in view of the foregoing prescribed test; nor is the fact that although served without the State, defendant has appeared in the action of any consequence with respect to the present motion, for his appearance in the action does not necessarily guarantee that he will remain amenable to personal service of any judicial mandates in the future.
The order of sequestration having properly been granted, the motion to vacate same is accordingly denied and the temporary stay vacated.
Settle order.