Beretard S. Meyer, J.
Plaintiff wife seeks an ex parte order directing her as receiver in sequestration to sell certain assets and pay bond premium, attorney’s fees and alimony arrears. In 1956 she obtained a judgment of divorce based upon personal service. On March 24, 1959 she was appointed receiver by ex parte order. She refers to section 1171-a of the Civil Practice Act and Matthews v. Matthews (240 N. Y. 28) as authority for the proposition that notice of this application is not required.
It is true that section 1171-a of the Civil Practice Act provides that: “ The court may at any time and from time to time make any order or orders without notice directing the sequestration of his [the husband’s] property ’ ’ and the Matthews case (sufra) upheld the appointment ex parte of a receiver. However, as the court noted in Mattheios (pp. 33-34): “ The words ‘ without notice ’ do not appear in any of the following sentences * * *
It must be conceded that no judgment could be obtained for the disposition of the sequestered property without personal or constructive service upon the defendant. We have no such thing in our practice; in fact there is no such thing in existence in the law as a personal judgment without service or notice of some kind, and the only kind of notice that we recognize in this State for the obtaining of a judgment is personal service, substituted service or the service by publication of the summons in the action. It necessarily follows that when the word ‘ order ’ is thus linked up to the word ‘ judgment ’ so that the disposition of the sequestered property is to be ‘ by order or judgment,’ the order also to be legal and effective must be on notice to the defendant either given personally or in some form recognized by our practice. (Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531, 544; Wadley Southern Ry. Co. v. Georgia, 235 U. S. *803 651, 658.) ” Due process requires that defendant have notice that his property was seized and may be applied in satisfaction of the award of alimony made against him and the opportunity to contest the right to seize the property and its application upon the judgment entered (Geary v. Geary, 272 N. Y. 390, 402). While an application under section 1171-a or 1171 of the Civil Practice Act, like an application under section 1171-b of the Civil Practice Act, is to be treated as a motion in the action, so that no new service of process is necessary for the purpose of acquiring jurisdiction over defendant’s person (Haskell v. Haskell, 6 N Y 2d 79, cert, denied 361 U. S. 876) he is nonetheless entitled to notice and an opportunity to defend with respect to any application to sell sequestered property or to disburse the income or proceeds of sale of such property (Menchillo v. Menchillo, 188 Misc. 528.) Plaintiff’s analogy of the instant application to an execution upon a judgment is not valid for “ alimony awarded by a matrimonial decree does not, when it comes due, become a judgment debt which may be enforced by execution, and * * * it may not be so considered until the award has been reduced through further proceedings to final judgment.” (Snow v. Snow, 8 A D 2d 516, 519.) Whether plaintiff chooses to enter final judgment as a basis for executing on the property she holds, or to obtain direct authority to sell, she must proceed on notice. Accordingly, the application is denied.