■ In the Matter of the CITY OF NEW YORK, Respondent. GENIA CHMIELEWSKI, Appellant.—In an action in rem under title D of chapter 17 of the Administrative Code of the City of New York, to foreclose tax liens on real property, a third mortgagee of the subject premises appeals from so much of a judgment of the Supreme Court, Kings County, dated September 8, 1967, as decrees that the foreclosure sale be subject to a possible lien of the respondent City of New York for building repairs which were made by its Commissioner of Real Estate as Receiver pursuant to section 309 of the Multiple Dwelling Law. Judgment reversed insofar as appealed from, on the law and the facts, with costs to appellant; and, in accordance, the provisions in the judgment that the foreclosure sale shall be subject to such possible lien as above stated are struck out. Respondent has not controverted appellant's assertion that she was never served with a copy of the order and notice described in the statute (Multiple Dwelling Law, § 309, subd. 5, par. a), namely, the order of respondent's Department of Buildings directing the owner to remove the nuisance in question and a notice to the mortgagee that in the event the nuisance is not remedied the Department may apply to the court for the appointment of a Receiver. In the circumstances, any lien of respondent for costs incurred by it in removing the nuisance is not entitled to priority over existing mortgages (Multiple Dwelling Law, § 309). We do not construe the provision of the in rem foreclosure law upon which respondent relies (New York City Administrative Code, § D17–12.0) as giving its lien priority over appellant's mortgage notwithstanding the aforesaid lack of notice. If it were so construed it would be unconstitutional (see *Matter of Department of Bldgs. of City of N. Y. [Philco Realty Corp.],* 14 N Y 2d 291, 298–299). It is well settled that if two constructions are possible, one rendering a statute constitutional and the other unconstitutional, the court should adopt the one that the statute is constitutional

(*People* v. *Finkelstein,* 9 N Y 2d 342, 345; *Matthews* v. *Matthews,* 240 N. Y. 28, 34–35; *Cluett, Peabody & Co.* v. *J. W. Mays, Inc.,* 5 A D 2d 140, 149). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.