Manuel W. Levine, J.
In this proceeding pursuant to article 78 of the OPLR the court recalls the memorandum dated Febru *118 ary 11, 1971 and judgment is granted in favor of petitioner to the extent of directing the respondents to accept and process the applications for a building permit and for a special permit without the owner’s consent providing the applications conform in all other respects to the requirements of the ordinances of the Town of Hempstead.
The petitioner is the lessee of certain real property under a lease for a 20-year term with an option to renew for 5 years dated April 27,1956. Paragraph 4 of the lease provides that the lessee ‘ ‘ has the right to remove or replace buildings, fixtures, above ground equipment, underground tanks * * * at any time during the term of this lease at its sole discretion ’ ’. The Town of Hempstead’s applicable ordinances require the consent of the owner. The owner refuses to sign the consent.
While the lessee could bring an action against the owner to give his consent this would cause a multiplicity of actions and the above-quoted portion of the lease makes it incumbent on the owner to give such consent, and is in fact a consent, this court deems it proper to grant the relief given in the interests of justice and the avoidance of another action which would consume the time of the court needlessly. It is obvious to the court from the papers that the landlord is not satisfied with the rent under the lease and is trying to utilize this method to claim a breach of the lease by the tenant. This is shown by the letter dated June 26, 1970. While it makes termination of the lease dependent upon failure to correct certain violations he refuses to sign the consent for a building permit required to do so. It is to be noted that the lease is silent with regard to violations of local ordinances. Further, this court holds that where there is a long-term lease with a provision such as in this matter the lessee is for all intent and purposes the owner where a consent of the owner is required for building and related permits. In a somewhat similar case, S. S. Kresge Co. v. City of New York (194 Misc. 645, affd. without opn. 275 App. Div. 1036, mot. for lv. to app. to Court of Appeals den. 276 App. Div. 834) the court reached the same conclusion.