WALKER *against* AMES. .

Where one,
by action, re-
covers money,
which      has
been    before
paid, no action
lies to recover
it back ;
And     this
though    the
first recovery
be fraudulent.

ON certiorari to a Justice's Court. The action was case in the Court below, by Ames against Walker; "For that the defendant did fraudulently obtain a judgment, or a certain part thereof, against the present plaintiff, to his damage $25." The defendant pleaded the former suit in bar, which was overruled by the Justice. The fraud complained of was, that Walker, in the suit against Ames, recovered on a book account, and also on a note given by Ames to Walker, on settlement of the same account for the balance thereof. Verdict and judgment for the plaintiff.

*J. Root*, for the plaintiff in error.

*J. S. Sheldon*, conta.

*Curia.* The judgment must be reversed. This was overhauling the first judgment, and attempting to recover back a portion of it, on the ground that it was not due, and had been unconscientiously recovered. The allegation of fraud does not alter the nature of the case. It is substantially an action to recover back money improperly awarded by a former judgment; and is precisely the case of *Marriott* v. *Hampton*, (7 T. R. 269.) In that case, the defendant had recovered against the plaintiff for goods sold. The plaintiff had paid him for these goods, and taken his receipt; but not being able to find the receipt, at the time of the trial, judgment went against him and he paid the money again. Afterwards, finding the receipt, he brought his action to recover it back. Lord Kenyon says, " if this action could be maintained, I know not what cause of action could ever be at rest. After a recovery by process of law, there must be an end of litigation; otherwise there would be no security for any person." The case of *Cobb* v. *Curtiss*, (8 John. 470,) is clearly distinguishable. There, the action was founded on an agreement to discontinue the first suit; and the Court go upon the ground, that this agreement could not have been set up as a defence to the second. There was nothing to prevent Ames' showing upon the first trial, that the note included the account. If he was not prepared with his proof it was his misfortune. There would, indeed, *be no end to litigation, nor any security to any person,* if actions like this could be sustained.