(63 Misc. Rep. 330.)

### FINKELSTONE et al. v. LANZKE.

(Supreme Court, Appellate Term. May 27, 1909.)

PAYMENT (§ 87*) — RECOVERY OF MONEY PAID UNDER COMPULSION OF LEGAL PROCESS.

Money paid by plaintiffs in satisfaction of a judgment against them on a claim assigned by defendant to the judgment creditors, and which was for more than was due, is paid by compulsion of legal process, and cannot be recovered back from defendant.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 283–287; Dec. Dig. § 87.*]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Meyer Finkelstone and another against Gustave Lanzke. From a judgment for plaintiffs, defendant appeals. Reversed.

See, also, 112 N. Y. Supp. 1109.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Julius D. Tobias, for appellant.

Willoughby B. Dobbs, for respondents.

SEABURY, J. The facts of this case are undisputed. The defendant assigned to Packard & Co. an unliquidated claim of $228 against these plaintiffs. Packard & Co. sued the plaintiffs, and recovered judgment for the full amount of their claim. This judgment the plaintiffs in this action paid. Upon the trial of the present action the plaintiffs, in addition to the facts recited above, proved by the written admission of the defendant that, at the time the defendant assigned to Packard & Co. a claim for $228 against these plaintiffs, only $41.01 was due to the defendant from these plaintiffs. The plaintiffs now seek to recover from the defendant the difference between what they in fact owed the defendant and the amount which the defendant's assignee recovered from them, and also damages alleged to have resulted from the impairment of their credit.

The proof that was offered as to injury to the plaintiffs' credit was not competent under the allegations of the complaint. The claim of the plaintiffs to recover the amount of the judgment which Packard & Co. recovered against them, less $41.01, is untenable. The money which the plaintiffs paid in satisfaction of the judgment of Packard & Co. was paid by compulsion of legal process, and cannot be recovered back. "Interest reipublicæ ut sit finis litium." In Marriot v. Hampton, 7 Durn. & E. Term R. 269, which in principle is similar to the case above, Lord Kenyon said:

"I am afraid of such a precedent. If this action could be maintained, I know not what cause of action could ever be at rest. After a recovery by pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cess of law, there must be an end of litigation; otherwise, there would be no security for any person."

The doctrine of Marriot v. Hampton was early approved in this state in Le Guen v. Gouverneur, 1 Johns. Cas. 436, 1 Am. Dec. 121, and the maxim upon which it rests is fundamental in our jurisprudence. In Loomis v. Pulver, 9 Johns. 244, Pulver gave demand notes to Loomis, which he subsequently paid, but did not take up. Two years after their date they were transferred to a third party, who sued Pulver and recovered judgment upon them. Pulver then sued Loomis, and it was held that, as he had neglected to avail himself of the defense of payment in the action of the third party against him, he could not maintain an action against Loomis for the money which the third party had recovered from him. In Walker v. Ames, 2 Cow. 428, the same principle was asserted and applied.

The judgment is reversed, with costs, and the complaint dismissed. All concur.