BIRDIE AVERETT, Plaintiff, *v.* ABRAHAM M. AVERETT, Defendant.

(Supreme Court, New York Special Term, March, 1920.)

Restitution — when motion directing restitution of alimony denied — motions and orders — separation.

The principle upon which restitution is ordered does not apply either to temporary or permanent alimony.

Where a judgment for plaintiff in her action for a separation has been reversed by the Appellate Division, a motion for an order directing the restitution of alimony paid pursuant to the judgment and restraining the further prosecution of a claim to recover on notes given on account of alimony, must be denied on the ground that alimony is not a subject of restitution.

MOTION for an order directing restitution.

Max D. Steuer, for plaintiff.

Alexander S. Natanson, for defendant.

BIJUR, J. The question raised on this motion is whether a husband, defendant in an action for separation, is entitled to restitution of alimony paid under a judgment upon its reversal in the Appellate Division.

The motion itself is for an order directing restitution and restraining the plaintiff from proceeding in the Municipal Court to recover on certain notes given by the defendant on account of such alimony. The plaintiff urges that restitution may not be directed except by the appellate court. I do not think that the provisions of the Code which award that power to appellate courts are intended to be exclusive or to deprive the lower court of a jurisdiction which it has always exercised under the common law (*Haebler* v. *Myers,* 132 N. Y. 363), though probably it should be effected by way of an action rather than upon mere motion. *Wright* v. *Nostrand,* 100 N. Y. 616. The further point urged by plaintiff that the motion is premature because an appeal has been taken from the judgment of the Appellate Division to the Court of Appeals need not be decided in view of my opinion that the principle upon which restitution is ordered is not applicable either to temporary or permanent alimony. The only case in this country cited to me or which I can find in which the subject has been directly considered is *Mullin* v. *Mullin,* 60 N. H. 16, in which an order for restitution was affirmed apparently as matter of course, the Supreme Court saying merely, " We are unable to conceive of any reason why a judgment in a divorce suit should bear an exceptional character." With all due respect for the authority of that learned tribunal, it seems to me that the question was not whether the judgment in a divorce suit bore an exceptional character, but whether such exceptional character inhered in that part of a judgment for divorce (or separation) which provides for the payment of alimony. In that respect such a judgment appears to me to be not only exceptional but unique. As pointed out in *Wetmore* v. *Markoe,* 196 U. S. 68, the right to alimony arises out of the policy of the law and is based

not on contract, but upon the husband's duty to support his wife and children. The length to which the obligation will be carried and enforced is well illustrated in *De Brauwere* v. *De Brauwere,* 203 N. Y. 460. Although alimony which has accrued prior to the death of a wife is not a personal claim that dies with her, but practically a debt which survives in favor of her personal representative (*Van Ness* v. *Ransome,* 215 N. Y. 557), the Supreme Court in the *Wetmore* case held that arrears of alimony due from a bankrupt do not constitute a provable debt barred by a discharge in bankruptcy. Indeed, the mere fact that the amount of alimony directed to be paid in a final judgment may be varied from time to time as provided in section 1759 of the Code of Civil Procedure, is a further distinguishing characteristic. See, also, *Livingston* v. *Livingston,* 173 N. Y. 379; *Lynde* v. *Lynde,* 162 id. 405. Finally, I think it may properly be said that alimony is not really the subject-matter of an action either for a separation or for a divorce. It may or may not be provided for according to the circumstances, as expressly authorized in sections 1759 and 1766 of the Code of Civil Procedure. It is manifestly only an incident to the judgment which is concerned directly with the marital rights of the respective parties. In that sense I do not think that it falls within the description of section 1323 of the Code of Civil Procedure, and similar provisions as being either " property, or of a right lost *by means* of the erroneous judgment or order" which was reversed, and was therefore a proper subject for an order of judgment of restitution. From another point of view it may be said that even though alimony has been paid pursuant to the direction contained in a final judgment, it has been paid not merely in satisfaction of the judgment, but in ful-

fillment of the duty of the husband to support his wife and children until the relation upon which that duty depends has been dissolved by a final judicial determination. The husband is in any event bound to support his wife until he is judicially absolved from that obligation. The amount paid in discharge thereof, until a final judgment in the husband's favor, may have been fixed by direction of a court, but it gives rise to no debt on the part of his wife, for by the very premise there are no equitable considerations which authorize him to treat it as "money had and received." While on the one hand it is strange that the question has not arisen except in the single New Hampshire case cited, that very fact is, I think, significant of the acquiescence of the bench and bar in the conviction that alimony is not a subject of restitution.

Motion denied.