BIRDIE AVERETT, Appellant, *v.* ABRAHAM M. AVERETT,
Respondent.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Judgments — when will be reversed — appeal — bills, notes and checks — alimony.

> Where a judgment for plaintiff in her action for a separation has been reversed by the Appellate Division she is entitled to recover on checks given for alimony before the reversal of the judgment, though the defendant had stopped payment thereon, and a judgment in favor of defendant will be reversed and judgment directed in favor of plaintiff.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in favor of defendant, after a trial by a judge without a jury.

Max D. Steuer (Jerome A. Strauss, of counsel), for appellant.

William Macy, for respondent.

BIJUR, J.   Only a question of law is involved in this appeal.   Plaintiff sues upon four checks of defendant, dated respectively September 22, October 14, October 20, and November 3, 1919, which were presented for payment November 17, 1919, but returned marked " payment stopped."   It is conceded that the checks were given by the defendant to plaintiff to represent installments of alimony under a decree of separation entered June 27, 1918, at the rate of sixty dollars weekly.   The judgment of separation was reversed by the Appellate Division on November 7, 1919, and thereupon defendant stopped payment on these checks.   It is also conceded that defendant furnished plaintiff no other support than is represented by these

checks for the period covered by them. Plaintiff explains that the reason she did not deposit the checks earlier than November seventeenth was because of the advice of her lawyer on a question of law.

On a motion by the defendant made in the separation action after the reversal of the decree, for a restitution of alimony previously paid under the decree, I had occasion to consider the nature of alimony, and concluded that it was not " really the subject matter of an action," but was merely " an incident to the judgment;" and that from one point of view it might be regarded as " having been paid not merely in satisfaction of the judgment, but in fulfillment of the duty of the husband to support his wife and children until the relation upon which that duty depends has been dissolved by a final judicial determination." See *Averett* v. *Averett,* 110 Misc. Rep. 584; affd., without opinion, 191 App. Div. 948.

It seems to me that the same considerations require a reversal of this judgment. The checks were given either in payment of, or to represent, the amount of alimony due under a decree of the court subsisting and valid at the time the checks were given and at the time they were due. The same reasoning which denies to defendant the right to restitution of similar alimony paid by him forbids our regarding the consideration for these checks, namely, the alimony represented thereby, as having failed or been otherwise impaired by reason of a subsequent reversal of the decree.

Judgment reversed, with thirty dollars costs of this appeal, and judgment directed in favor of plaintiff, with appropriate costs in the court below.

Delehanty and Wagner, JJ., concur.

Judgment reversed, with thirty dollars costs of this appeal.