ETHEL MYERS, Respondent, v. STANLEY S. MYERS, Appellant.*

First Department, December 23, 1938.

David Greenberg of counsel [Charles Rothenberg with him on the brief; David Greenberg, attorney], for the appellant.

James Hall Prothero of counsel [Alice E. Trubin with him on the brief; William C. Chanler, Corporation Counsel, attorney], for the respondent.

PER CURIAM. The reversal in this court of the original order (251 App. Div. 267) relates back to the commencement of the proceedings. The Domestic Relations Court was thereafter without power to make any further direction for the payment of money based upon such order. There was no justification for that part of the order appealed from which directed the payment of a further $180.

That part of the order which awarded to petitioner the money paid to the support bureau prior to the reversal of the order, but not collected by her, was equally without justification. Payment of money into the custody of the support bureau under section 29 of the Domestic Relations Court Act of the City of New York is not payment to the wife and does not pass title to her. Section 29-a of the act shows that title to unclaimed money remains subject to further determination, and payment may be ordered to the person making the deposit. When the original order was reversed any rights of the petitioner to the money then on deposit were extinguished and appellant became entitled to an order directing repayment thereof.

The order appealed from should be reversed and motion granted.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.; COHN, J., dissents and votes for modification.

COHN, J. (dissenting). I dissent from the per curiam opinion in so far as it reverses that part of the order appealed from which awarded to petitioner the sum of $140 paid to the support bureau prior to the reversal of said order, but not collected by her.

The parties are husband and wife. On January 29, 1937, in the Domestic Relations Court, an order was made directing appellant, the husband, to pay to respondent, the wife, the sum of twenty dollars weekly for her support. Upon an appeal taken from that order this court, on May 28, 1937, unanimously reversed the order of the Domestic Relations Court and dismissed, on the merits, the petition of respondent. (Myers v. Myers, 251 App.

Div. 267.) From that order of reversal there has been no appeal, and the time for commencing such appeal has expired.

During the four-month period in which the order of support was alive there became due to the wife payments totaling $320, on account of which the husband had paid $140 to the support bureau of the court. By statute each part of the Family Court is required to maintain a support bureau for the receipt and disbursement of funds paid for the support of wife, children or poor relatives. (Dom. Rel. Ct. Act of City of N. Y. § 29.) The sum of $180 in arrearages had not been paid. Respondent had not collected the fund of $140 in the possession of the support bureau because she was unaware of the fact that it had been paid over by her husband.

The learned justice of the Domestic Relations Court was right in directing payment to the wife of the funds on deposit. The payments made by the husband to the support bureau for the support of his wife were, in fact, payments to the wife. The custody of the law here was the custody of the wife, and the transfer to her was complete from the time the court received possession of the money. (See Civ. Prac. Act, § 133; 11 Carmody's New York Practice [2d ed.], § 864.) The sum of $140 once paid by the husband could not thereafter be recovered if the wife asserted her right to the money paid. The order, like one for payment of alimony, was made for the support and maintenance of the wife. Its purpose was the same, namely, to provide for the current support of the wife for shelter, food and clothing and other reasonable expenses. (Dom. Rel. Ct. Act of City of N. Y. § 92, subd. 2.) After these payments had been made, either to the court for the benefit of the wife or to the wife directly, restitution could not be enforced by the husband.

It has long been the law that a husband compelled to pay temporary alimony cannot recover any sums paid, nor can he have money so paid set off against any claim of the wife, merely because the wife's suit has failed or because the order was improvidently made. (*Griffin* v. *Griffin*, 219 App. Div. 370; *Pincus* v. *Pincus*, 211 id. 128, 131; *Krauss* v. *Krauss*, *No. 1*, 127 id. 740; *Shepard* v. *Shepard*, 99 id. 308; *Averett* v. *Averett*, 110 Misc. 584; affd., 191 App. Div. 948.) In the case of *Averett* v. *Averett* (*supra*) it was held that payments of alimony, whether temporary or permanent, are not subject to restitution.

The view that payments awarded by the Domestic Relations Court for the support of the wife are in a category similar to payments of alimony is confirmed by the language of section 58 of the Domestic Relations Court Act of the City of New York, which reads, in part, as follows: " In Family Court cases the appeal shall not oper-

ate as a stay of proceedings in respect to the order and no stay shall be granted, unless the appellant deposits with the clerk of the court from which the appeal is taken the sum of two hundred and fifty dollars in cash, which may be applied to the support of the petitioner during said appeal, or unless he gives sufficient surety by a written undertaking approved by a judge of the appellate court, that during the pendency of such appeal he will pay the amount directed to be paid to the Family Court for the support of the petitioner. A failure to make such payments automatically vacates such stay."

In the present case no stay of proceedings pending appeal was applied for nor was any undertaking filed with the Domestic Relations Court, as provided under the statute above quoted. It is to be noted that the provision for a stay *pendente lite* is effective only in either one of the two following cases: (1) Where $250 in cash is deposited with the clerk of the court pending an appeal, from which sum payments under support order are made as they accrue, or (2) if the husband gives sufficient surety by a written undertaking approved by a judge of the appellate court that during the pendency of the appeal he will pay the amount directed to be paid to the Family Court for the support of petitioner. As such stay was not obtained in this case it is obvious that the support installments which were paid into court *pendente lite* belonged to the wife.

Section 29-a of the Domestic Relations Court Act, upon which my associates rely, empowers the presiding justice of the Domestic Relations Court to require that any funds in the custody of the court paid for the support of a wife which for a period of two years or more have remained unclaimed shall be deposited with the city chamberlain. It goes on to provide as follows: " Should any claimant within ten years thereafter prove to the satisfaction of the presiding justice his legal and just claim to any part of such funds, the presiding justice may by order require that repayment shall be made by the chamberlain to such claimant as specified in such order."

By the language of this section the right of the wife to the moneys deposited is in no way affected. As against a claimant other than the wife, it is true that the husband might under certain circumstances be entitled to a return of funds deposited by him for her support. The plain intent of section 29 of the same act, which requires prompt transmission of information to the probation officer in charge of each case with regard to all payments made and which requires that the chief of the support bureau " shall report specifically to such officer all instances where required payments have not been made within a two weeks' period," is that moneys

paid to the bureau are received for the wife. Where, as here, there is an omission to inform the wife that payments have in fact been made, it would be most inequitable to deprive her of such funds.

The order of the Domestic Relations Court should, accordingly, be modified by eliminating therefrom the provision that respondent pay to the petitioner, his wife, the sum of $180 arrears which had accrued pursuant to the order of the Domestic Relations Court, dated January 29, 1937, and, as so modified, affirmed.

Order reversed and motion granted. Settle order on notice.