MURRAY SCHNEIDER, Plaintiff, v. LEONA J. SCHNEIDER, Defendant.

Supreme Court, Special Term, New York County, October 26, 1953.

*Harry Ostrov* for plaintiff.

*Israel Finkel* for defendant.

SAYPOL, J. The parties were formerly husband and wife and resided in New York. Subsequently they became residents of Missouri. Defendant commenced an action for divorce against plaintiff in Missouri and during the pendency of the action they entered into a separation agreement which provided in part as follows: " In the event that there shall be a divorce granted in favor of the Party of the First Part and against the Party of the Second Part, in the presently pending action in the Circuit Court of the City of St. Louis, Missouri, then it is agreed, subject to the approval of the court, that the Party of the First

Part shall be awarded as permanent alimony, effective until she shall remarry, the sum of $100.00 per month, payable in installments of $50.00 on the 1st and 15th of each month, starting April 1, 1943.''

A decree of divorce was rendered in favor of defendant, both parties being before the court and subject to its jurisdiction. The decree fixed alimony at the same rate as in the separation agreement. However, instead of the limiting provisions in the event of remarriage, the decree provided that defendant receive alimony ''until the further order of the Court.'' Although offered in evidence, the separation agreement was not incorporated in the divorce decree.

From April 1, 1943, until June 1, 1950, plaintiff paid the alimony fixed in the decree. It appears that defendant had remarried in October, 1944. In June, 1951, plaintiff moved to modify the decree of divorce so as to revoke the direction regarding the payment of alimony and to relieve him from future payments. In August, 1951, the decree was modified so that from June, 1950, plaintiff was freed from further payments. The order provided ''that from the 1st day of June, 1950 said payments shall cease and determine, and that in all other respects the original decree of divorce remain in full force and effect.''

Plaintiff now sues to recover $6,700, the amount of the payments made between November 1, 1944, and June 1, 1950. The action is for money had and received. In view of an affirmative defense of Statute of Limitations, plaintiff concedes that his claim must be limited to $4,600 paid within six years prior to the commencement of the action. He moves for partial summary judgment in such amount.

Plaintiff urges that it is contrary to the public policy of this State to compel one man to support the wife of another and, therefore, our courts will not give effect to any foreign decree providing otherwise. However, apart from other considerations mentioned below, plaintiff fails to note the differences between recovering back alimony already paid by a husband and an ordinary judgment arising from common debt.

The issue may best be resolved in a setting which takes into consideration the following principles of law:

The reasons for which restitution is generally directed do not apply either to temporary or permanent alimony (*Averett* v. *Averett*, 110 Misc. 584, affd. 191 App. Div. 948; *Matthews* v. *Matthews*, 210 App. Div. 652, affd. 240 N. Y. 28; *Griffin* v. *Griffin*, 219 App. Div. 370; *Haas* v. *Haas*, 271 App. Div. 107).

The public policy of this State, as expressed by section 1172-c of the Civil Practice Act, is that a wife who is living with her husband and receiving support from him should not be further supported by one from whom she has been divorced (*Kirkbride* v. *Van Note,* 275 N. Y. 244, 249; *Davis* v. *Welber,* 278 App. Div. 36, 38; *Goodman* v. *Goodman,* 82 N. Y. S. 2d 318, 321). The provisions of section 1172-c are mandatory and upon application by the former husband for modification of the decree with respect to the payment of alimony, the court " must modify " and cancel any arrears which have accrued since the remarriage (*Kirkbride* v. *Van Note, supra*). Our courts have the discretionary power to cancel arrears for causes other than remarriage (*Karlin* v. *Karlin,* 280 N. Y. 32; Civ. Prac. Act, §§ 1170, 1171-b).

In Missouri, unlike New York, past-due installments of alimony are regarded as vested and the courts have no power to modify or change them. Subsequent remarriage of the divorced wife is not a mandatory ground for the termination of alimony; it merely affords a basis for the exercise of judicial discretion in a proper case to modify the decree as to future installments (*Nelson* v. *Nelson,* 282 Mo. 412; see 2 Nelson on Divorce and Annulment, §§ 17.05, 17.11; 17 Am. Jur., Divorce and Separation, § 648 and cum. supp.; note, 6 A. L. R. 2d 1277, 1285, 1298; 27 C. J. S., Divorce, § 239 c, pp. 993-5; Jacobs and Goebel, Cases and other Materials on Domestic Relations [3d ed. 1952], 838-9).

The mere fact that Missouri law differs from ours in permitting alimony payments to continue after the remarriage of the divorced wife would not of itself afford sufficient basis for our courts to refuse to enforce rights accruing under the Missouri decree (cf. *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99, 111). In *Biewend* v. *Biewend* (17 Cal. 2d 108, 117), it was held that notwithstanding a contrary local policy with respect to alimony payments after remarriage of the wife, the California courts would not only enforce payment of accrued installments of alimony but also upon the basis of comity enforce future installments under a Missouri divorce decree.

Restitution is not available in a collateral proceeding to recover money paid on a valid judgment which stands unreversed (cf. *Walker* v. *Ames,* 2 Cow. 428; *Roth* v. *Schloss,* 6 Barb. 308; *Binck* v. *Wood,* 43 Barb. 315; *Finkelstone* v. *Lanzke,* 63 Misc. 330, and *Greenabaum* v. *Elliott,* 60 Mo. 25; see Restatement, Restitution, § 72).

In the light of the preceding authorities, this action must fail. A judgment for the payment of alimony is not like an ordinary judgment (*Averett* v. *Averett, supra,* disapproving *Mullin* v. *Mullin,* 60 N. H. 16, followed in *Eaton* v. *Eaton,* 90 N. H. 4, 9). Payment of alimony is not like payment of an ordinary debt. Since under the law of Missouri, where the parties were divorced, remarriage of the wife does not automatically terminate alimony but merely affords a ground for applying to the court to modify the decree only insofar as future installments are concerned (*Nelson* v. *Nelson, supra*), it appears certain that the present action would not lie in that jurisdiction. The fact, however, that Missouri permits a divorced wife to continue to receive alimony even after remarriage does not necessarily " offend(s) our sense of justice or menace(s) the public welfare " (*Loucks* v. *Standard Oil Co., supra,* 224 N. Y. 99, 110, per CARDOZO, J.). " We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home." (P. 111.) As further stated in *Biewend* v. *Biewend* (*supra*), in commenting upon the right under Missouri law to receive future installments of alimony after remarriage; " It (such right) offers no threat to either the moral standards or the general interests of the citizens of this state. To hold that the right created in Missouri is so immoral as to be unenforceable here would involve a complacent attribution of moral superiority to this state." (17 Cal. 2d 114.)

Since in the opinion of the court the Missouri law should be applied (U. S. Const., art. IV, § 1), it becomes unnecessary to decide what effect, if any, our present statute providing for mandatory modification of a local decree of divorce in the event of the divorced wife's remarriage may have upon the rule enunciated in *Averett* v. *Averett* (*supra*), and similar cases that payments of alimony, whether temporary or permanent, cannot be recovered by the husband under the ordinary principles of restitution. In one jurisdiction, where the statutes are substantially the same as those of New York, recovery under certain circumstances has been permitted (*Houghland* v. *Houghland,* 19 N. J. Misc. 474).

Plaintiff's motion for partial summary judgment is denied.