Louis L. Friedman, J.
There are two applications before the court. One is by the plaintiff, former wife of the defendant, for an order of sequestration, appointing a receiver to take possession of certain properties allegedly owned by the defendant, and for other and further relief. The purpose of this motion is to insure payment to plaintiff of the claimed sum of $4,810, alleged to be arrears in alimony owing by defendant from February 4, 1957 to May 5, 1958. The second motion is by defendant for an order pursuant to section 1172-e of the Civil Practice Act, modifying a final judgment of divorce so as to reduce the amount provided therein to be paid. Defendant asks for further relief, directing that the plaintiff vacate and surrender possession of the one-family house which she now occupies.
The facts are rather simple. On October 17, 1955, an interlocutory judgment of divorce was entered in favor of plaintiff against defendant, and by its terms, said divorce became final on January 18,1956. In addition to severing the marriage relationship between the parties, the decree awarded custody of the two infants, issue of the marriage, to the plaintiff and directed defendant to pay for their support as well as the support of the wife, the sum of $95 per week. At that time, the son of the parties was approximately 15 years of age and the daughter was about 10% years old. The decree further contained language which in effect stated that so long as defendant owned premises 1611 East 33rd Street, in Brooklyn, and paid all the maintenance charges thereupon, including interest and principal on mortgages, all taxes and assessments, and all other liens on the premises, and continued to keep the premises in repair and paid the heating charges therefor, and so long as plaintiff and her children continued to occupy the said property, that defendant would-be entitled to deduct from said weekly alimony of $95, the sum of $21 per week. In effect, what said latter provision directed was, that if plaintiff and her children occupied the premises, and defendant continued to pay for the mainte *284 nance of the same, including all charges usually paid by an owner of property, that defendant should be entitled to deduct from the weekly alimony, a sum which computed on the basis of 4% weeks to a month, amounted to $91 monthly, so that what defendant was getting was rent in that amount.
Defendant denies that he is indebted to plaintiff in the sum of $4,810, as alleged by her, although he concedes the nonpayment of alimony between the dates set forth in plaintiff’s papers. He attributes his failure to pay to the fact that in the early part of 1957 he learned for the first time that on May 17,1956, plaintiff had remarried and had brought her new husband into defendant’s premises to live with her and her two children. He claims that he should have been notified of this marriage so that he would have been given a credit in the amount of alimony to be paid by him, under the provisions of the decree of divorce which stated that payments of alimony were to be made “ during the natural life of the .said plaintiff or until she remarries ”. He alleges further that during the Summer of 1956, the infant son, then aged approximately 16 years, took employment with some insurance company, and that by reason thereof, defendant was entitled to a further credit because he would have been entitled ipso facto to a further reduction in alimony since he was not obliged to further support this boy who was then gainfully employed. He alleges further that the boy has continued to be employed and is actually now employed by him, and under such circumstances he should not be obligated to pay for the support of the said child.
On the argument of the motion, plaintiff’s attorney conceded that defendant is entitled to relief to the extent that he may receive credit for such portion of the $95 weekly alimony as the court finds may be allocated to the support of plaintiff herself, and that such reduction may be retroactive to May 17, 1956. Plaintiff’s counsel further conceded that so long as the son remains employed, defendant is. no longer obligated to provide for his support; but counsel for the respective parties disagreed as to when the reduction by reason thereof should take place. Defendant contends that it should take place as of July, 1956 when the young man first took employment, while plaintiff contends that it became effective from the date when defendant applied for such reduction.
The case of Weitz v. Weitz (1 A D 2d 1025) seems to be determinative of this question. In that case, a son of the parties entered military service in June of 1954 even though he did not attain his majority until 11 months later. Upon his attaining majority, the father moved to modify the judgment entered in *285 that ease so as to eliminate the provisions for the son’s support, and asked the court to make such reduction retroactive to the date when the boy entered the military service. Special Term granted the father’s application and made such reduction retroactive to the 1954 date. However, the Appellate Division modified, and directed that the date to be used as the retroactive date was the one on which the application for such reduction was made, stating that the Special Term was without power to grant a reduction retroactive to the date when the infant became employed (citing Averett v. Averett, 110 Misc. 584, affd. 191 App. Div. 948; Haas v. Haas, 271 App. Div. 107; Griffin v. Griffin, 219 App. Div. 370; Rosenfield v. Rosenfield, 285 App. Div. 817; Harris v. Harris, 259 N. Y. 334).
Under the holding in the Weits case, the court finds that any reduction in the amount of alimony to be paid by the defendant for the support of the son must be granted only as of July 22, 1958, when the motion for such reduction was first made returnable in this court, and it will be so directed.
The court has apportioned the alimony originally provided for the wife and the two children as follows: $37 for the wife, and $29 for each of the two children, making the total of $95. Of this sum, $7 per week should be apportioned to each of them for occupancy of the premises (total $21 per week, provided for in the decree of divorce). Based upon such figures, the provision of the decree which stated that alimony shall continue in the amount therein provided until the wife remarried, indicates that the alimony should be and the court hereby directs that it be reduced as of May 17, 1956 to the sum of $95 less $37, or a net figure of $58 per week. From that figure must be deducted the sum of $14 per week for the occupancy of the premises by the two children ($7 having already been deducted in the computation of the wife’s share of $37, and the total amount of which makes up the $21 provided for in the decree). This makes a net which was due from the defendant as of May 17, 1956, in the sum of $44 per week. He is therefore indebted to the plaintiff on this motion for the sum of $44 per week from February 4, 1957 (when he ceased making payments) to May 5, 1958, a period of 65 weeks, or a total sum of $2,860. Added to that is alimony at the rate of $44 per week for the support of the two children from May 12, 1958 to July 22, 1958, when this motion was made. This is a period of 11 additional weeks, or an additional amount of $484. While this latter sum does not fall within the period specified in the moving papers, the court feels that under the prayer for other and further relief, this amount should also be computed herein so that the parties may be *286 brought up to date, and the necessity for another motion will be obviated. The total of said sums of $2,860 and $484 is $3,344. However, defendant has concededly overpaid plaintiff to the extent of $37 per week, which the court has fixed as the wife’s share of the $95 weekly alimony, between the date when the plaintiff remarried, to wit, May 17, 1956, and January 28, 1957, during all of which time defendant was paying at the rate of $95 per week, and which latter date was the last time when defendant made any payments. This amounts to a total of 37 weeks at $37 per week, which it computed to be in the sum of $1,369. This sum must be deducted from the total of $3,344 found due and owing to the plaintiff, leaving a net due and owing to her in the sum of $1,955.
Plaintiff’s motion for the appointment of a receiver is therefore granted to the extent that unless, within 20 days after the service upon defendant’s attorney of a copy of the order to be entered herein, with notice of entry thereof, defendant makes payment to the plaintiff of said due sum of $1,955, a receiver shall be appointed by further order to be submitted to this court, which shall provide for the relief requested in the moving papers, and he shall take possession of such property as he may find is owned by the defendant, with the usual powers and duties of a receiver, and with power to make payment to the plaintiff of the amount found due herein. The amount of the receiver’s bond will be provided for in the order which is to be entered upon proof by affidavit of the plaintiff that the terms of the order to be entered on this determination have not been complied with within the time set forth.
The court will now take up the defendant’s application for a modification under the provisions of section 1172-c of the Civil Practice Act. As previously stated, the defendant is entitled to a further reduction by reason of the employment of the son. The court has already computed the $58 remaining alimony to be in the amount of $29 for each child, and a reduction in the sum of $29 leaves a balance to be paid for the support of the remaining child under the original judgment, in the amount of $29 per week. However, since there can be no question that it costs more to support a 13-year-old child than to support a 10-year-old child, which is the difference in age of the remaining infant child for whom support is to be awarded between the time when the decree was made and the present time, support for the said remaining infant child will be fixed at $37.50 per week. The papers before the court and on file indicate that defendant is financially well able to make such payment, and the *287 order to be entered herein on defendant’s motion may provide for payments in that amount commencing as of July 29, 1958.
Defendant’s further application that the court direct that plaintiff remove from the premises owned by defendant and now occupied by plaintiff, her new husband and the children, must be denied because the court has no power to make such direction. Section 1172-c of the Civil Practice Act, under which the present application is made, does not give the court power to order her out of the premises, and the attention of the parties is called to the fact that the divorce decree did not provide that she should have the right to occupy the premises. The only provision with respect to the real property, contained in said divorce decree, was that so long as she does stay therein, defendant is entitled to a reduction in alimony. Apparently her occupancy of the premises has been by mutual silent consent, and if defendant has the right to possession as he now contends, he must seek enforcement of that right in another forum or in another proceeding.
Settle orders on notice, in accordance with the directions herein contained.