Howard T. Hogan, J.
This is a motion for summary judgment in an action by a former wife of the defendant to recover sums of money which came due under a Children’s Court order prior to its reversal. She was receiving $150 per month for the support of two minor children of the marriage under a separation agreement calling for that amount, which was later incorporated in a foreign decree of divorce granted in the State of Alabama when she petitioned the Children’s Court for an increase. The agreement was made in May, 1955 and shortly thereafter the divorce decree was made. In October of the same year the plaintiff in this action applied to the Children’s Court of Nassau County to increase the above-specified allowance for the children. This resulted in an order doubling the amount to $300 per month. Defendant paid this increased amount for four months meanwhile prosecuting an appeal in this court, which in March, 1956, reversed the order of the Children’s Court. However, the order of reversal was not made until May, 1956, although the defendant immediately reverted to the original amount and this action seeks to recover the $150 difference between the two amounts for two months, of $300, plus $600, which the defendant recouped by deducting that amount in $25 installments from the regular $150 monthly payments after the reversal.
Although we are concerned here with a Children’s Court award, in principal it is the same as an alimony or maintenance award made in a matrimonial action and should be governed by the same rules.
It is settled law that a husband may not, in an action for restitution, recover back alimony payments which were made pursuant to an order for temporary alimony or a judgment for permanent alimony wdiich was later reversed (Rosenfield v. Rosenfield, 285 App. Div. 817, citing Averett v. Averett, 110 Misc. 584, affd, 191 App. Div. 948).
Haas v. Haas (271 App. 107) seems to draw a distinction between a temporary award and a permanent award by showing that the nature of the former is such as to preclude the idea that it could be subject to restitution, but then cites with approval Griffin v. Griffin (219 App. Div. 370), which is a clear-cut holding to the effect that alimony paid under a decree is as proof against restitution as a pendente lite award, and furthermore, holds that a defendant may not by recoupment accomplish indirectly what he might not do directly in an action for restitution.
Thus these cases settle the matter so far as the $600 item is concerned in favor of the plaintiff, but none of them go so far *348 as to allow her to recover an amount which has never been paid, under a judgment or final order which has been reversed at the time she sues. It would be incongruous to allow her to do so since the decree upon which her asserted right is based is no longer in existence.
I am aware of the inconsistency here which permits a different result dependent upon whether the husband has already paid at the time of the reversal, but this I think stems from the failure to apply a different rule to temporary and permanent alimony in the first place. There is logic in allowing a wife to keep temporary alimony after she has been unsuccessful in the main suit, or even in allowing her to recover it after her suit has been dismissed on the merits as was done in Treherne-Thomas v. Treherne-Thomas (267 App. Div. 509), since temporary alimony awards are made on a showing of reasonable probability of success, not a guarantee of success. The same reasoning does not apply to a final decree which is later modified or reversed on a determination that it was improvidently or erroneously made in the first place.
In Myers v. Myers (255 App. Div. 599, 600) it was held that the Domestic Relations Court of New York City which is the counterpart of our Children’s Court in Nassau County, was without authority to direct the respondent to pay any further sums after the reversal of the original order, nor to direct payment to the petitioner of a sum already paid to the support bureau, since the reversal “ relates back to the commencement of the proceedings.” The rule of the Myers case has been changed by statute as to payments made to the support bureau, but in our present case, as to the $300 which was never paid to anyone, the Myers case would require a holding that it may not now be recovered.
Accordingly, the motion is granted to the extent of $600. Since there is no question of fact in this case even in the absence of a cross motion for summary judgment by the defendant, the court is in a position to make a final disposition of the matter and accordingly the complaint is dismissed on the merits as to the balance of the claim. (Jewish Kosher Provision Corp. v. Gottfried, 63 N. Y. S. 2d 160.)
Settle order and judgment on notice.