Order, Supreme Court, New York County, entered August 31, 1979, granting plaintiff’s motion for judgment for arrears of alimony, and granting $500 counsel fees to plaintiff and denying defendant’s cross motion for a modification of the alimony and support provisions in the divorce decree, and judgment for arrears entered thereon on September 6, 1979, are both unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the matter is remanded to the Supreme Court for further proceedings, in accordance with the memorandum hereon. The parties were divorced in 1976. The divorce judgment incorporated by reference a separation agreement but provided that the agreement should survive. The agreement contained provisions for yearly escalation during the first five years of the payments for alimony and support. Defendant husband claims that his financial circumstances and needs do not permit him to meet these payments. A. Plaintiff wife moved pursuant to section 244 of the Domestic Relations Law for a judgment for arrears of alimony. Special Term granted the motion saying: "The defendant does not deny the arrears. He goes into a long dissertation about his financial inability to pay. In the face of an enforcement proceeding such claims are of no avail.” But section 244 of the Domestic Relations Law provides that when the husband makes default in paying sums required by the judgment, the court "in its discretion” may direct the entry of judgment for the arrears or "for such part thereof as justice requires having a regard to the circumstances of the respective parties”. Thus, whatever may be the rights of the wife in a plenary action on the agreement, the court has discretion as to the amount of a judgment for arrears in a proceeding under section 244 of the Domestic Relations Law. (See Woicik v Woicik, 73 AD2d 901.) The Special Term Justice apparently thought he did not have such discretion. We remand the matter to Special Term for the exercise of its discretion. We have been informed that since the judgment for arrears was rendered, defendant husband has paid the judgment and it is argued that there can be no restitution under the familiar principle that there can be no restitution of alimony once paid (Averett v Averett, 110 Misc 584, affd 191 App Div 948; Schneider v Schneider, 204 Misc 918), and that, therefore, the attack on the judgment is moot. We do not now pass on the question of whether there is a right of restitution with respect to sums paid on a judgment for arrears of *543 alimony. In any event, the possibility of the judgment constituting collateral estoppel in the continuing litigation indicates that the question is not moot. B. Special Term awarded $500 counsel fees. Small as this amount is, the award was premature. The separation agreement (par 12) provides for counsel fees in the event of default, if the party seeking to enforce the agreement "is successful in such proceeding.” Until Special Term has exercised its discretion with respect to the wife’s claim for enforcement, we cannot say whether the wife will be successful in the proceeding. And we think that for present purposes, we should accept this provision of the agreement as an indication of the parties’ intentions with respect to counsel fees. C. With respect to the cross motion, Special Term refused to consider the cross motion for the reason that the cross motion attempted to incorporate matter presented in the opposing papers to the motion in chief, the court saying: "Such commingling has been consistently condemned by the court as unduly burdening the court. Each set of papers should be separate and distinct and not be required to be read in connection with another set of motion papers. The court treats such cross-motion as part of defendant’s opposing papers to the motion-in-chief with leave to seek the affirmative relief requested in a new and separate application.” We know no rule forbidding such cross references. There was a separate notice of cross motion so that the parties were on clear notice that there was a cross motion, and the supporting affirmation attached to the notice of the cross motion explicitly referred to the affidavit in response to the motion in chief as outlining defendant’s present financial circumstances. If the same factual material is to be presented both in opposition to the motion in chief and in support of the cross motion, which in normal circumstances will be considered together, many Justices would not welcome having to read the matter twice in two sets of papers, trying not to overlook bits of new matter in the second set of papers which may be buried among the repetitious portions. Of course, a Justice may always reject a particular set of papers because those papers are unwarrantably burdensome in form. Nor do we question the right of a particular Justice in his discretion to require such complete separation of papers even if it involves repetition. But, in that event, the lawyers are entitled to be informed of it in some way other than reading of it in a published decision of one or another of our many Supreme Court Justices, especially as there is substantial textbook authority the other way (2A Weinstein-Korn-Miller, NY Civ Prac, par 2215.01). A Justice who wishes to require papers in a particular form should publish a notice to that effect, presumably in the New York Law Journal, when he is sitting in the particular part, so that lawyers may be informed of the requirement. In the absence of such a published notice, we think Special Term was bound to consider the cross motion. D. Finally, we see no basis for requiring that the motions be referred back to the Justice who granted the original divorce judgment, as appellant requests. Concur—Sullivan, J. P., Markewich, Silverman, Yesawich and Carro, JJ.